Sheriff of Dallas County in accordance with the order of the district court.

**DALLAS BUILDING & REPAIR,**
**Appellant,**

v.

**Jerry BUTLER, Appellee.**

No. 20058.

Court of Civil Appeals of Texas,
Dallas.

Oct. 10, 1979.

Rehearing Denied Nov. 9, 1979.

Lee S. Bane, Dallas, for appellant.

Robert K. Pace, Jordan, Rubin & Pace, Dallas, for appellee.

Before AKIN, ROBERTSON and STOREY, JJ.

AKIN, Justice.

This appeal concerns a suit on an oral contract for construction of a roof. A jury found that an oral contract existed, and judgment was rendered for plaintiff on the verdict for the balance owing on the contract. Defendant appeals—asserting, (1) that there is no evidence to support the jury finding of an oral contract, (2) that the evidence establishes the existence of a written contract precluding recovery on an oral contract, and (3) that there is no pleading to support the submission of three special issues because plaintiff failed to prove agency. Because these contentions lack merit, we affirm.

The relevant facts are undisputed. Lane, a job superintendent of appellee, submitted a written bid proposal to David Brewer, President of Appellant Dallas Building & Repair, to put a 20 year bondable roof on a building owned by Thompson Can Company for $19,850. The written bid was introduced into evidence by the defendant, although it was not signed by the defendant. Following a telephone acceptance from Brewer, plaintiff installed the roof. The defendant paid Butler $7,000 by personal check, but refused to pay the balance owing on the contract. This litigation ensued.

Appellant first contends that there is no evidence to support the jury finding of an oral contract. Plaintiff pleaded that an *oral* contract existed and the jury was asked if they found an *oral* contract. Appellant contends that plaintiff did not offer sufficient evidence that the contract was oral, and thus the jury finding of an oral contract cannot stand. This contention misconstrues the plaintiff's burden in this case.

In a suit based on contract, whether written or oral, the plaintiff is required to establish the basic elements of a con-

tract, i. e. offer, acceptance, and consideration. *See* J. Calamari & J. Perillo, Contracts (2d ed. 1977). Plaintiff sustained this burden and obtained a favorable jury finding. In reviewing this finding on a "no evidence" point, we consider whether there is evidence of the basic elements of a contract, i. e. an offer, an acceptance and consideration. We find sufficient evidence as to each element. In fact, the appellant does not dispute the existence of a contract, but merely asserts that because the issue inquired about an oral contract, the plaintiff must prove that the contract was oral. We cannot agree. Absent some issue on the statute of frauds, any issue as to whether the contract is written or oral is irrelevant. A jury finding that the contract was oral could have no effect on the judgment and thus the question should not have been submitted to the jury in this manner. *Mayflower Investment Co. v. Stephens*, 345 S.W.2d 786, 789 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.), quoting 3 R. McDonald, Texas Civil Practice § 12.06.1, at 282 (rev. 1970). Even though the issue may have included the term "oral contract" erroneously, the appellant made no specific objection to the issue on this ground and has waived any right to complain. Tex.R. Civ.P. 274. Even if the issue was erroneous, the error could not have prejudiced appellant and was, therefore, harmless. Tex.R.Civ.P. 434. Indeed, inclusion of the term "oral contract" increased the burden upon plaintiff, since the existence of a contract was all he needed to establish.

■ Appellant next argues that a written contract was established as a matter of law, precluding recovery on an oral contract. We cannot agree. The ultimate issue is whether a contract exists. Whether the contract is written is merely collateral to this issue. If a written integration of the contract existed, and plaintiff attempted to alter the terms of the writing, the defendant's remedy would be to object on the basis of the best evidence rule or the parol evidence rule. This objection would not deny plaintiff the right to prove the elements of a contract, i. e., offer, acceptance and consideration. It would merely prevent the plaintiff from varying the

terms of the written agreement by oral testimony. Appellant does not contend that plaintiff's evidence varied the terms of a written agreement. Instead, he asserts that the existence of a writing precludes the plaintiff from recovery under a contract theory unless the plaintiff both pleads and proves the existence of a writing, or that the contract was oral. We disagree.

In *Simmons and Simmons Construction Co. v. Rea*, 155 Tex. 353, 286 S.W.2d 415, 417 (1955), the supreme court stated that a plaintiff possessing a writing unsigned by defendant may go to the jury either on a theory of oral contract or on a theory that the writing was intended to be effective without signing. The plaintiff in *Rea* chose the latter and did not prove his case. The plaintiff in the instant case did not rely on the writing, but presented evidence of offer, acceptance and consideration, and obtained a jury finding that a contract existed. The existence of a writing would not have prevented plaintiff from recovering under an oral contract in *Rea*, and neither does it here.

■ A writing precludes oral testimony as to the terms of a contract under the parol evidence rule and the best evidence rule. Appellant's general objection that a written contract precludes recovery on an oral contract does not preserve best evidence or parol evidence objections for our review. Even if appellant had preserved these points, they could not be sustained because there was no written contract. Since the written bid was not signed by both parties, appellant was required to obtain a finding that both parties intended it to be effective without signing *at the time the writing was made. Simmons and Simmons Construction Co. v. Rea, supra.* Appellant obtained no such finding. Neither does the record show the requisite intent to be established as a matter of law. Furthermore, even assuming the written bid to be a contract, there can be no reversal because any error in allowing plaintiff's testimony was harmless in that he did not attempt to vary the terms of the writing. Tex.R.Civ.P.

434. His testimony comported to the writing exactly.

Appellant contends next that the court erred in submitting the first three issues including agency because plaintiff did not plead that H. M. Lane was his agent. In this respect, the first three issues inquire if certain transactions transpired between "Plaintiff, Jerry Butler, or his agent, H. M. Lane, and defendant." Appellant argues that his contract was with Lane, rather than plaintiff and, consequently, he concludes that it was error to assume the agency of Lane in the issue. We cannot agree because the fact that Lane was acting for plaintiff as his agent throughout the transaction was undisputed. *Vahlsing Christina Corp. v. Ryman Well Service, Inc.*, 512 S.W.2d 803, 809 (Tex.Civ.App.—Corpus Christi 1974, no writ).

Because only disputed ultimate fact issues need be submitted, no error is shown. Tex.R.Civ.P. 279. Furthermore, plaintiff had no duty to plead agency in order to recover. The details of how the parties entered into the contract are not ultimate fact issues here but are instead merely evidentiary issues. Appellant does not dispute the fact that a contract to install the roof for $19,850 was made and that the work was done. Rather, appellant argues that the contract was with Lane rather than plaintiff and that for this reason plaintiff should be denied recovery. Neither can we agree with this contention because, as previously noted, it is undisputed that Lane was at all times acting for plaintiff, and that Lane did not claim or seek recovery from appellant for the balance due under the contract.

Judgment affirmed.