COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| TOMMY L. EAVES, | § | |
| | | No. 08-07-00284-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 5 |
| UNIFUND CCR PARTNERS, | § | |
| | | of Dallas County, Texas |
| Appellee. | § | |
| | | (TC# CC-06-13251-E) |
| | § | |

**O P I N I O N**

Tommy L. Eaves appeals the jury's verdict against him in Unifund CCR Partners ("Unifund Partners") suit to collect unpaid credit-card debt. We affirm.

**BACKGROUND**

Citibank issued an AT&T credit card to Eaves, and Eaves made purchases with the card. Subsequently, Eaves defaulted on the account in the amount of $7,570.55, and Citibank sold the account to Unifund Portfolio. Unifund Portfolio assigned the rights to collect the debt, including litigation, to Unifund Partners. Unifund Partners notified Eaves of the past due amount, including interest, and that the account was due to be paid in full. It later filed suit alleging open and stated account, breach of contract, and quantum meruit. Eaves moved for partial summary judgment, contending that the suit was barred on principles of sworn account and quantum meruit. The trial court found that Unifund Partners' claim was not for a sworn account and granted Eaves' motion solely as to Unifund Partners' quantum-meruit claim. The case then proceeded to trial, and the jury, solely deciding the case on Unifund Partner's open-account theory, found Eaves liable for the debt, and that Unifund should collect $12,386.57, which included the defaulted amount plus interest.

**STANDING**

Eaves, contending that Unifund Partners lacked standing, first challenges the trial court's subject-matter jurisdiction over the suit. According to Eaves, there was no evidence that Unifund Partners owned the debt since Joseph Lutz's testimony was incompetent and therefore, no evidence, and neither the bill of sale from Citibank to Unifund Portfolio, nor the subsequent assignment from Unifund Portfolio to Unifund Partners, referenced his credit-card account.

*Standard of Review*

Standing, a necessary component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). Standing cannot be waived and can, therefore, be raised for the first time on appeal. *Id*. at 445-46. Whether a party has standing to pursue a claim is a question of law reviewed *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Standing is a party's justiciable interest in a controversy. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661-62 (Tex. 1996); *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.–Dallas 2008, no pet.). Only the party whose primary legal right has been breached may seek redress for an injury. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.–Dallas 2005, no pet.). Without a breach of a legal right belonging to that party, that party has no standing to litigate. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669-70 (Tex. App.–Fort Worth 2001, pet. denied). In reviewing standing on appeal, we construe the petition in favor of the plaintiff, and if necessary, review the entire record to determine if any evidence supports standing. *See Air Control*, 852 S.W.2d at 446.

*Unifund Partners had Standing*

Unifund Partners' petition, subsequent responses to Eaves' motions for summary judgment,

and evidence presented at trial alleged that it was the present owner and holder of Eaves' account and was entitled to sue to collect the debt. The bill of sale from Citibank to Unifund Portofolio conveyed good and marketable title to the account, and more importantly, Unifund Portfolio expressly assigned the rights to collect on the account, including litigation, to Unifund Partners. Based on this evidence, we find Unifund Partners had standing to sue to collect the debt. *See Sprint Communications Co., L.P. v. APCC Services, Inc.*, — U.S. —, 128 S.Ct. 2531, 2541-43, 171 L.Ed.2d 424 (2008) (assignee for collection may properly sue on the assigned claim); *Cartwright v. MBank Corpus Christi, N.A.*, 865 S.W.2d 546, 549 (Tex. App.–Corpus Christi 1993, writ denied) (assignee, who pled that it was a holder of the note and entitled to sue on it, was entitled to sue to collect on the note); *Schultz v. Aetna Business Credit, Inc.*, 540 S.W.2d 530, 532 (Tex. Civ. App.–San Antonio 1976, no writ) (instrument of assignment, which transferred to assignee of promissory note the right to collect installments and to take all proceedings as might have been taken by assignor "[a]gainst all other parties, other than the Buyer" and which stated that assignor guaranteed payment without insisting that assignee "first . . . proceed against Buyer," gave assignee the right to sue "Buyers" who executed the note); *Kelley v. Bluff Creek Oil Co.*, 298 S.W.2d 263 (Tex. Civ. App.–Fort Worth 1956) (where assignment of account had transferred all of assignor's "right, title and interest" in account "with full power and authority to collect and receipt therefor," even though assignment was made as collateral security for assignor's debt, assignee had sole power to sue), *aff'd in part, and rev'd in part on other grounds*, 158 Tex. 180, 309 S.W.2d 208 (1958).

Nevertheless, Eaves asserts that because the bill of sale did not expressly reference his account, there was no evidence that Unifund Portfolio ever obtained ownership of his account. The bill of sale stated that Citibank sold and assigned the title to the "Accounts described in Section 1.2 of the Agreement . . . ." Presumably, that agreement listed Eaves' account; however, the agreement

was not attached to the bill of sale, nor was it admitted at trial. Although we do not condone Unifund Partner's failure to present the agreement listing Eaves' account, other evidence exists in the record that suggests Eaves' account was sold to Unifund Portfolio. Specifically, the affidavits attached to the pleadings alleged that Unifund Partners had purchased the debt, and a Unifund statement was admitted into evidence, which noted Eaves account from Citibank, the defaulted balance, and that he must tender payment to Unifund. Such evidence, at a minimum, supports the inference that Citibank sold Eaves' account to Unifund Portfolio, and that Unifund Partners, assignee of all accounts that Unifund Portfolio "owns or may acquire from time to time" for collection purposes, had standing to sue to collect the debt. *See Air Control*, 852 S.W.2d at 446 (in determining standing, appellate court should construe the pleadings in plaintiff's favor and, if necessary, review the entire record to determine whether any evidence supports plaintiff's standing to sue).

Eaves also asserts that we may not consider Lutz's trial testimony as that testimony was prohibited by the parol-evidence rule and therefore, is incompetent evidence. Eaves, however, never raised a parol-evidence objection to any of Lutz's testimony. *Ins. Co. of N. Am. v. Morris*, 928 S.W.2d 133, 156 (Tex. App.–Houston [14th Dist.] 1996), *aff'd in part & rev'd in part on other grounds*, 981 S.W.2d 667 (Tex. 1998); *Dallas Bldg. & Repair v. Butler*, 589 S.W.2d 794, 796 (Tex. Civ. App.–Dallas 1979, writ dism'd w.o.j.); *Ward v. Marino*, No. 13-00-00784-CV, 2002 WL 253789, at *1-2 (Tex. App.–Corpus Christi Feb. 21, 2002, no pet.) (op., not designated for publication); *Thompson v. Fausto*, No. 04-96-00048-CV, 1997 WL 211475, at *3 (Tex. App.–San Antonio Apr. 30, 1997, no writ) (op., not designated for publication) (cases finding parol-evidence complaint not preserved when the complaint was not raised in the trial court). Further, we have relied on the petitions, responses, and exhibits filed and presented at trial in determining standing,

rather than Lutz's trial testimony.

Finally, even if we were to consider Lutz's testimony, we do not find it incompetent under a legal-sufficiency review, contrary to Eaves' other assertions raised in his appellate brief. *See City of Keller v. Wilson*, 168 S.W.3d 802, 812 (Tex. 2005) (incompetent evidence will not support a judgment on legal-sufficiency grounds even if the evidence was admitted without objection). Eaves attacks Lutz's statements that Unifund Partners owns the debt by focusing on Lutz's testimony and assertions in his first and third affidavits, which swore that Unifund Partners purchased the debt from Citibank, when the bill of sale was actually between Citibank and Unifund Portfolio, a fact Lutz acknowledged in his second affidavit, and the subsequent assignment of the account from Unifund Portfolio to Unifund Partners stated that Unifund Portfolio retained title and ownership of the account. However, Lutz explained that Unifund Portfolio is an umbrella or holding company created within certain banking restrictions to obtain funds and purchase defaulted accounts. According to Lutz, Unifund Portfolio, acting as an agent for Unifund Partners, purchased the debt, at Unifund Partners' direction, for Unifund Partners. Once the accounts were purchased, Unifund Portfolio assigned the rights to collect on the accounts, including litigation, to Unifund Partners. Thus, Lutz concluded that Unifund Partners now owns the account and the right to sue to collect the debt. This is in accord with the general legal principle that the assignee stands in the shoes of the assignor and may assert those rights that the assignor could assert. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000); *Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994); *Equitable Recovery, L.P. v. Heath Ins. Brokers*, 235 S.W.3d 376, 387 (Tex. App.–Dallas 2007, pet. dism'd); *Lavender v. Bunch*, 216 S.W.3d 548, 552 (Tex. App.–Texarkana 2007, no writ). In other words, Lutz's testimony was not contrary to the other evidence in the record.

Having determined that Unifund Partners had standing to sue to collect the debt, the trial

court had subject-matter jurisdiction. Eaves' first issue is overruled.

## DIRECTED VERDICT

Eaves' second issue alleges the trial court erred by denying his directed verdict on Unifund Partners' claims of breach of contract, account stated, and open account. We disagree.

### *Standard of Review*

A trial court may properly grant a directed verdict if no evidence of probative force raises a material fact issue. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). A directed verdict in favor of a defendant may be proper when (1) a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery, or (2) the plaintiff admits, or the evidence conclusively establishes, a defense to the plaintiff's cause of action. *See id*. We review a directed verdict under the same standard of review as a legal-sufficiency, or no-evidence challenge. *See Keller*, 168 S.W.3d at 823. Accordingly, we consider the evidence in the light most favorable to the party against whom the verdict was directed, and indulge every reasonable inference that would support the verdict. *Id*. We also credit favorable evidence if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Id*. at 827; *AVCO Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 667 (Tex. App.–Houston [14th Dist.] 2007, pet. denied).

### *Breach of Contract*

Recovery under a breach-of-contract claim requires proof of four elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Orix Capital Mkts., L.L.C. v. Wash. Mut. Bank*, 260 S.W.3d 620, 623 (Tex. App.–Dallas 2008, no pet.). In this case, the evidence showed that Eaves opened the account with Citibank, used the account to buy goods and services, and promised to pay for the account, but failed to do so. The card

agreement, which noted the terms, interest rates, and other charges, was admitted into evidence at trial and provided that the agreement was binding unless Eaves cancelled the account within 30 days and did not use the card. The evidence also showed that Unifund Portfolio purchased the account from Citibank and was therefore, entitled to payment. Unifund Portfolio further assigned the account to Unifund Partners for collection purposes. Account statements, including one from Unifund, specifically identified the account number and Eaves' name and address. Account statements, an account summary, and supporting affidavits established the amount due on the account as of the date of default, the date of the last payment, and the application of payments to the outstanding balance.

Based on this evidence, the trial court could have determined that a valid contract existed between Citibank and Eaves, that Citibank tendered performance by allowing Eaves to use the card for purchases, that Eaves purchased goods and services with the card, and made payments on the card, and that Eaves defaulted by failing to pay the outstanding balance of $7,570.55. The trial court could have further determined that Citibank sold the account to Unifund Portfolio, that Unifund Portfolio assigned the account to Unifund Partners for collection purposes, and that Unifund Partners was entitled to collect the debt. Accordingly, the trial court did not err by denying Eaves' motion for directed verdict based on allegations that Unifund Partners failed to prove a breach of contract. *See Gellatly v. Unifund CCR Partners*, No. 01-07-00552-CV, 2008 WL 2611894, at \*5-6 (Tex. App.–Houston [1st Dist.] July 3, 2008, no pet.) (mem. op., not designated for publication) (deemed admissions that established the existence of a contract between card holder and Unifund's predecessor in interest, that Unifund's predecessor in interest performed on the contract, that Unifund now owns the debt, that card holder breached the contract by failing to make payments, and that Unifund's predecessor in interest and, therefore, Unifund were damaged by card holder's failure to pay sufficient to establish breach of contract).

*Stated Account*

A party is entitled to relief for a stated account where (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due, and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.–Dallas 2008, no pet.); *Neil v. Agris*, 693 S.W.2d 604, 605 (Tex. App.–Houston [14th Dist.] 1985, no writ); *McFarland v. Citibank (South Dakota), N.A.*, No. 10-07-00277-CV, — S.W.3d —, 2009 WL 1693406, at *3 (Tex. App.–Waco June 17, 2009, no pet.) (not yet reported). Again, the evidence showed that Citibank issued a credit card to Eaves, that Eaves used the credit card to make purchases, and that Eaves made payments on the account. The card-member agreement was admitted into evidence and provided that Citibank would allow Eaves to purchase goods and services with credit in exchange for payment. Further, the record showed that Eaves defaulted on the account and owed over $7,570.55, plus interest. Based on the card-member agreement and Eaves' usage of the credit card, we may reasonably infer that he impliedly agreed to pay a fixed amount equal to the purchases and cash advances he made, plus interest. *See Dulong*, 261 S.W.3d at 894; *McFarland*, 2009 WL 1693406, at *3-4 (cases holding creditor could collect debt on account stated where, based on the series of transactions reflected on the account statements, creditor established that card holder agreed to the full amount shown on the statements and impliedly promised to pay the indebtedness). Further, because the evidence also showed that Eaves' account was purchased by Unifund Portfolio and that Unifund Portfolio assigned the rights to collect on the account to Unifund Partners, Eaves has not shown that Unifund Partners could not bring a cause of action on a stated account. *Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *3 (Tex. App.–Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op., not designated for publication) (holding assignee

could collect debt on stated account). Accordingly, the trial court did not err in denying Eaves'

motion for directed verdict on Unifund Partners' failure to prove its stated-account claim.

*Open Account*

The elements of an open account include transactions between the parties, creating a creditor-

debtor relationship through the general course of dealing, with the account still being open, and with

the expectation of further dealing.[1] *Livingston Ford Mercury, Inc. v. Haley*, 997 S.W.2d 425, 427

(Tex. App.–Beaumont 1999, no writ) ("As used in the statutes of this state, in act referred to, we

believe that the word 'account' is used in its popular sense, rather than in a technical sense, and that

it applies to transactions between persons in which, by sale upon the one side and purchase upon the

other, the title to personal property passes from the one to the other, and the relation of debtor and

creditor is thereby created by general course of dealing . . . ."), *quoting McCamant v. Batsell*, 59 Tex.

363, 367-69 (1883). As noted before, Citibank issued a credit card to Eaves, Eaves used the credit

card to make purchases, and Eaves made payments on the account. Therefore, the record not only

reflects transactions between the parties through the course of dealing, but also a creditor-debtor

relationship between Citibank and Eaves, which was extended to Unifund Portfolio and Unifund

Partners when Eaves' account was subsequently sold to Unifund Portfolio with the rights to collect

on the account assigned to Unifund Partners.

We further find that the account was still open with the expectation of further dealing. Eaves

contends that those elements are not met as Lutz testified that Unifund Partners does not currently

---

[1] Eaves did not contend in his motion for directed verdict or in his appellate brief that the open account was a suit on a sworn account, which is prohibited in credit-card collection cases. *See Dulong*, 261 S.W.3d at 894*; Williams v. Unifund CCR Partners*, 264 S.W.3d 231, 234 (Tex. App.–Houston [1st Dist.] 2008, no pet.); *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 807 (Tex. App.–Waco 2007, no pet.); *Tully v. Citibank (South Dakota), N.A.*, 173 S.W.3d 212, 216 (Tex. App.–Texarkana 2005, no pet.); *Bird v. First Deposit Nat'l Bank*, 994 S.W.2d 280, 282 (Tex. App.–El Paso 1999, pet. denied); *Hou-Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex. App.–Houston [14th Dist.] 1993, no writ). Therefore, we do not reach that issue and assume that a collection agency may sue to collect a credit-card debt on an open-account theory.

hold an open account for him, and that there was no expectation that Unifund Partners would ever loan him a dime. At its core, Eaves' argument would force creditors to keep credit available to nonpaying debtors and allow those debtors to continue debiting their accounts after having defaulted. We decline to accept Eaves' argument.

Black's Law Dictionary defines an open account as "[a]n unpaid or unsettled account," or "[a]n account that is left open for ongoing debit and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability." *See* Black's Law Dictionary 21 (9th Ed. 2009). Once a debtor defaults on his account, although the debtor may not be able to withdraw on the account, his obligation to pay still remains. Here, although Eaves defaulted on his account with Citibank, he still maintained his obligation to pay the debt; therefore, the account was still open with the expectation of further dealings, that is, that Eaves would tender the amount owed. Accordingly, the trial court did not err in denying Eaves' motion for directed verdict on Unifund Partners' failure to prove its open-account claim. Eaves' second issue is overruled.

**FINAL JUDGMENT**

Eaves' final issue contends that the trial court erred by signing the final judgment on the jury's verdict because "[n]o reasonable juror could have found that [Unifund Partners] owned the debt upon which it sued . . . ." Eaves' complaint, however, consists of only three conclusory sentences unsupported by any legal analysis or authority addressing arguments identical or analogous to that uttered at bar. His third issue, therefore, is inadequately briefed. *See* TEX. R. APP. P. 38.1; *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.–Houston [14th Dist.] 2003, pet. denied) (issue inadequately briefed when party failed to make proper citations to authority or the record and in failing to make a cogent argument); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex.

App.–Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more than summarily state his point of error, without citations to legal authority or substantive analysis). Further, Eaves did not file a *judgment non obstante verdicto* or motion for new trial contending that the jury's finding was against the overwhelming weight of the evidence. Accordingly, Eaves' third issue is not preserved for our review. *See* TEX. R. CIV. P. 324(b)(3); *Darryl v. Ford Motor Company*, 440 S.W.2d 630, 633 (Tex. 1969); *Moore v. Kitsmiller*, 201 S.W.3d 147, 152 (Tex. App.–Tyler 2006, pet. denied) (requiring complaining party to file a motion for new trial before appellate court may address factual sufficiency).

## CONCLUSION

Having overruled Eaves' three issues, we affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

November 18, 2009

Before Chew, C.J., McClure, and Rivera, JJ.