COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-304-CV

 

 

VERONICA S. ROLEN                                                                        APPELLANT

 

                                                             V.

 

LVNV FUNDING, LLC,                                                                          APPELLEE

ASSIGNEE
OF SEARS

 

                                                       ------------

 

              FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

In
three issues, Appellant Veronica S. Rolen asserts that the trial court erred by
granting summary judgment for LVNV Funding, LLC, Assignee of Sears (ALVNV@).  We reverse and remand.

II. 
Factual and Procedural History








On
March 28, 2007, LVNV brought a suit on account against Rolen. Rolen filed a
general denial.  LVNV served requests for
admissions on Rolen. Rolen failed to respond. 
LVNV then filed a motion for summary judgment, arguing that Rolen never
filed a verified written answer or denial of the account and that the
pleadings, affidavits, and admissions on file showed that there was no genuine
issue of material fact.  Rolen did not
respond to LVNV=s motion for summary
judgment and failed to appear at the summary judgment hearing.  The trial court granted LVNV=s
motion, and this appeal followed.

III. 
Standing

In
her first issue, Rolen complains that the trial court erred by granting LVNV=s
motion for summary judgment because LVNV did not meet its burden of
establishing that it had standing to sue and was a proper party to bring suit.

A.  Standard of Review








Standing,
a necessary component of subject‑matter jurisdiction, is a constitutional
prerequisite to maintaining a suit under Texas law.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444B45
(Tex. 1993); see also Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,
140 S.W.3d 351, 358 (Tex. 2004) (ANot
only may an issue of subject matter jurisdiction >be
raised for the first time on appeal by the parties or by the court=, a
court is obliged to ascertain that subject matter jurisdiction exists
regardless of whether the parties have questioned it.@
(internal citations omitted)), superseded by statute on other grounds,
Tex. Gov=t
Code Ann. ' 311.034
(Vernon Supp. 2009). Standing cannot be waived. 
Tex. Ass=n of Bus.,
852 S.W.2d at 445. It cannot be conferred by consent.  See Loutzenhiser, 140 S.W.3d at 358.
Whether a party has standing to pursue a claim is a question of law reviewed de
novo.  See Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999); Eaves
v. Unifund CCR Partners, 301 S.W.3d 402, 404 (Tex. App.CEl
Paso 2009, no pet.).

Standing
is a party=s
justiciable interest in a controversy.  See
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661B62
(Tex. 1996); Eaves, 301 S.W.3d at 404. 
Only the party whose primary legal right has been breached may seek
redress for an injury.  Eaves, 301
S.W.3d at 404 (citing Nauslar v. Coors Brewing Co., 170 S.W.3d 242, 249
(Tex. App.CDallas
2005, no pet.)).  Without a breach of a
legal right belonging to that party, that party has no standing to
litigate.  Id. (citing Cadle
Co. v. Lobingier, 50 S.W.3d 662, 669B70
(Tex. App.CFort
Worth 2001, pet. denied)). 

In
reviewing standing on appeal, we construe the petition in the plaintiff=s
favor, and if necessary, review the entire record to determine if any evidence
supports standing.  See Tex. Ass=n of
Bus.,
852 S.W.2d at 446.

B.  Privity








A
party must prove its privity to an agreement to establish standing to assert a
breach of contract cause of action.  See
Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P=ship,
No. 08-07-00090-CV, 2010 WL 450910, at *2 (Tex. App.CEl
Paso Feb. 10, 2010, no pet. h.) (citing OAIC Commercial Assets, L.L.C. v.
Stonegate Village, L.P., 234 S.W.3d 726, 738 (Tex. App.CDallas
2007, pet. denied)).  For standing
purposes, privity is established when the plaintiff proves that the defendant
was a party to an enforceable contract with either the plaintiff or with a
third party who assigned its cause of action to the plaintiff.  Id. 
An assignee stands in the shoes of the assignor and may assert those
rights that the assignor could assert.  See
Gulf Ins. Co. v. Burns Motors, Inc., 22 S.W.3d 417, 420 (Tex. 2000).

The
El Paso Court of Appeals has addressed standing to sue on an assigned credit
card debt.  See Eaves, 301 S.W.3d
at 404B06.  It held that an assignee had standing to sue
when the evidence demonstrated that the original holder of the debt (Citibank)
issued a credit card to Eaves, who defaulted on his account; Citibank sold the
account to Unifund Portfolio; and Unifund Portfolio assigned its rights to
collect the debt to Unifund PartnersCthe
plaintiff in the debt collection suit.  Id.
at 404B06.  The court observed that Unifund Partners=
petition and its response to Eaves=s
motion for summary judgment alleged, and the evidence presented at trial
showed, that it was the present owner of the account and entitled to sue to
collect the debt, recounting the following:

The
bill of sale from Citibank to Unifund Portfolio conveyed good and marketable
title to the account, and more importantly, Unifund Portfolio expressly
assigned the rights to collect on the account, including litigation, to Unifund
Partners.  Based on this evidence, we
find Unifund Partners had standing to sue to collect the debt. 

 








Id. at
404B05.  The court noted that, even though the bill of
sale did not expressly reference Eaves=s
account, other evidence in the record allowed the inference that Eaves=s
account was sold to Unifund Portfolio; this evidence included affidavits
attached to the pleadings and a Unifund statement that noted Eaves=s
account from Citibank, stated the defaulted balance, and indicated that he must
tender payment to Unifund.  Id. at
405; see also Cartwright v. MBank Corpus Christi, N.A., 865 S.W.2d 546,
551B52
(Tex. App.CCorpus
Christi 1993, writ denied) (holding that MBank=s
pleadings were sufficient to allow judgment on the theory that MBank, either as
holder or assignee, was entitled to sue to collect on a note; MBank had pleaded
that it was a holder of the note and entitled to sue on it; that the
Cartwrights executed the note and delivered it to Enterprise Development, and
that Enterprise Development assigned the note to MBank in consideration for
value).

Another
of our sister courts has also addressed this issue.  See Gellatly v. Unifund CCR
Partners, No. 01-07-00552-CV, 2008 WL 2611894, at *1 (Tex. App.CHouston
[1st Dist.] July 3, 2008, no pet.) (mem. op.). 
In Gellatly, Unifund sued as Citibank=s
successor-in-interest on an unpaid credit card account.  Id. 
The court concluded that deemed admissions supplied conclusive proof of
the elements of Unifund=s breach of contract claim
because they established








(1)
the existence of a contract between Gellatly and Unifund=s predecessor in
interest; (2) that Unifund=s predecessor in
interest performed on the contract; (3) that Unifund now owns the debt;
(4) that Gellatly breached the contract by failing to make payments; and (5)
that Unifund=s predecessor in
interest, and therefore, Unifund were damaged by Gellatly=s failure to pay.

 








Id. at
*6 (emphasis added); see also Tex. R. Civ. P. 198.2(c) (AIf a
response is not timely served, the request is considered admitted without the
necessity of a court order.@),
198.3 (AA
matter admitted under this rule is conclusively established as to the party
making the admission unless the court permits the party to withdraw or amend
the admission.@).  The court noted in a footnote that the deemed
admissions supplied conclusive proof of Unifund=s
standing to sue as the owner of the account. 
Gellatly, 2008 WL 2611894, at *6 n.2; see also Butler v.
Hudson & Keyse, L.L.C., No. 14-07-00534-CV, 2009 WL 402329, at *1B2
(Tex. App.CHouston
[14th Dist.] Feb. 19, 2009, no pet.) (affirming summary judgment when, among
other things, Hudson established the first element of its account-stated claim
on a credit card debt when it provided an affidavit that explained that Chase
Manhattan Bank, issuer of the credit card to Butler, had assigned the right to
collect on the debt to Hudson); Rowlands v. Unifund CCR, No.
14-05-01122-CV, 2007 WL 1395101, at *1 & n.1 (Tex. App.CHouston
[14th Dist.] Mar. 27, 2007, no pet.) (mem. op.) (AUnifund
alleged that it purchased the account from Citibank >for
good and valuable consideration= and
claimed to be the assignee of Citibank. . . . Attached collectively as >Exhibit
A= to
Unifund=s
live pleading was . . . [among other things] a >Citibank
Card Agreement= . .
. [which] states, among other things, >We .
. . reserve the right to assign any or all of our rights and obligations under
this Agreement to a third party.=@); McManus
v. Sears, Roebuck & Co., No. 09-02-00472-CV, 2003 WL 22024238, at *2
(Tex. App.CBeaumont
Aug. 28, 2003, no pet.) (mem. op.) (concluding that suit on sworn account was
appropriate when Sears, Roebuck & Co. alleged in its motion for summary
judgment that even though McManus entered into a credit agreement with Sears
National Bank, he purchased goods and services from Sears, Roebuck & Co.,
which subsequently became the assignee of Sears National Bank=s
rights, and in McManus=s responses to requests for
admissions, he admitted that Sears, Roebuck & Co. was the proper party
plaintiff and that the credit card issued to him was issued by Sears, Roebuck
& Co.). 

C.  Pleadings and Admissions

The
style of the case, set out in the caption of LVNV=s
original petition is ALVNV FUNDING, LLC ASSIGNEE
OF SEARS.@  The body of LVNV=s
petition states as follows:

PLAINTIFF=S ORIGINAL PETITION

 

TO
THE HONORABLE JUDGE OF SAID COURT:

This is a suit on a debt.  Defendant(s) can be served with process at
the address below.

 

. . . .

 

I








Plaintiff, LVNV FUNDING, LLC, requests
discovery be conducted at Level 1 (TRCP 190.2). 
In the usual course of business, Plaintiff and/or its Predecessor
extended credit to Defendant for purchase of goods, wares, merchandise,
services, or for cash advances. Defendant, or one duly authorized, accepted,
used, and derived benefits from the credit account.  AExhibit A@ represents the summary of transactions of
which a systematic record was kept.

II

Defendant=s failure to honor payment obligations
created a balance due and owing to Plaintiff, as shown in AExhibit A.@ Despite Plaintiff=s timely demand,
payment has not been forthcoming.  All
conditions precedent have been performed.

III

The breach of Defendant led Plaintiff to
employ the undersigned law firm to file suit, necessitating a reasonable fee
for attorney services.

 

LVNV prayed for $5,858.13 as
the balance due, for attorney=s
fees and costs, and for any other appropriate relief.  The affidavit attached to the original
petition sponsors an exhibit attached apparently for the sole purpose of showing
the number A$5858.13.@[2]  The
exhibit consists of a half page of computerized gibberish, in which the word ACITI-SEARS@
appears once.

LVNV
incorporated its original petition into its summary judgment motion, in which
the style of the case is once more set forth as ALVNV
FUNDING, LLC ASSIGNEE OF SEARS,@ but
it did not elaborate on how it came into possession of Rolen=s
debt.  Rather, in summarizing the basis
for its summary judgment, it relied on its interpretation of the deemed
admissions, stating as follows:








3.
Respondent has admitted that Defendant or another with permission of Defendant,
accepted the goods, wares, merchandise or services bought from Plaintiff, as
evidenced by Plaintiff=s Request for
Admissions, which are deemed admitted.

 

4.
Respondent has admitted that the balance due and owing to Plaintiff from
Defendant on the account that is the subject of this suit is $5,858.13, as evidenced
by Plaintiff=s Request for
Admissions, which are deemed admitted.

 

5. Respondent has admitted
that Respondent has failed to pay the amount due Plaintiff on the account, as
evidenced by Plaintiff=s Request for Admissions,
which are deemed admitted.

In
the exhibit attached to LVNV=s
motion for summary judgmentCLVNV=s
request for discovery containing its requests for disclosure and for admissionsCthe
style of the case is set out as ALVNV
FUNDING, LLC Plaintiff,@ without any mention of an
assignor.  The exhibit contains the
following pertinent requests for admissions that were deemed admitted by Rolen=s
failure to respond:

No.
1: Admit Defendant entered an agreement whereby Plaintiff or Plaintiff=s original assignor
extended credit to Defendant(s).

 

No.
2: Admit Defendant(s), or another with permission of Defendant(s), accepted the
credit extended for the purchase of goods, wares, merchandise, services, or for
cash advances.

 

.
. . .

 

No.
6: Admit Defendant(s) promised to pay Plaintiff or Plaintiff=s original assignor
on the credit account the subject of this suit.

 

No.
7: Admit Defendant(s) made payments to Plaintiff or Plaintiff=s original assignor
on the credit account the subject of this suit.

 

No.
8: Admit there is an unpaid balance on the credit account the subject of this
suit that is due and owing from Defendant(s) to Plaintiff.








No.
9: Admit the balance due and owing to Plaintiff from Defendant(s) on the credit
account the subject of this suit, after all offsets, payments, claims, and
credits is at least $5858.13.

 

. . . .

D.  Analysis

The
flaws in LVNV=s
petition and other documents in the record appear to stem primarily from LVNV=s
failure to allege facts to support the bases for its suit, including (but not
limited to) the basis for an assignment. 
That is, although LVNV sets out in its petition, in the style of the
case, that it is Aassignee of Sears,@ it
alleges in the body of its petition that APlaintiff
and/or its Predecessor extended credit@ to
Rolen. [Emphasis added.]  This Aand/or@
clause gives rise to the following interpretations:  (1) LVNV and its predecessor extended
creditCon
which basis LVNV could bring its own claim if it extended credit to Rolen
separately but would also have to allege facts to support the assignment by its
predecessor who also, jointly or separately, extended credit to Rolen; or
(2) LVNV or its predecessor extended the creditCon
which basis LVNV could bring its own claim that it extended credit or allege
facts to support the assignment by its predecessor if it hoped to support a
claim on the basis of assignment.  LVNV
does not allege in the body of its petition that it acquired a debt owed by
Rolen to SearsCnowhere
other than in the caption is Sears even mentioned.[3]








The
deemed admissions do not clarify whether LVNV can sue because LVNV had a
contract with Rolen itself or because LVNV acquired a contract as an
assignee.  LVNV asked Rolen to A[a]dmit
[she] entered an agreement whereby Plaintiff or Plaintiff=s
original assignor extended credit to [her]@ and
to A[a]dmit
[she] promised to pay Plaintiff or Plaintiff=s
original assignor on the credit account the subject of this
suit.@
[Emphasis added.]  LVNV=s
requests for admissions do not include requests that would clear up the
confusion, such as AAdmit you opened a credit
account with Sears,@ AAdmit
that LVNV acquired your debt from Sears,@ or AAdmit
Sears is LVNV=s
predecessor in interest.@  And LVNV=s
own interpretation of the deemed admissions fails to clarify matters regarding
who extended credit to Rolen (APlaintiff
and/or its Predecessor@) when it states, A3.
Respondent has admitted that Defendant or another with permission of Defendant,
accepted the goods, wares, merchandise or services bought from Plaintiff,
as evidenced by Plaintiff=s Request for Admissions,
which are deemed admitted.@[4] [Emphasis added.]













We
have found nothing in the record, other than the style of the case, to indicate
that Sears was LVNV=s predecessor or that it
assigned Rolen=s
debt to LVNV.  See Tex. Ass=n of
Bus.,
852 S.W.2d at 446.  Because LVNV did not
allege sufficient facts to support both its claim that it extended credit to
Rolen and that its predecessor did so and transferred the claim to LVNV
and did not request any admissions to show the connection between Rolen, LVNV,
and LVNV=s
predecessor or attach anything to show this connectionCincluding,
for example, a copy of the credit card contract between Rolen and Sears or of
an assignment between Sears and LVNVCLVNV
failed to allege or prove the requisite privity for standing to sue Rolen as an
assignee.  See Pagosa Oil &
Gas, L.L.C., 2010 WL 450910, at *2; see also Eaves, 301 S.W.3d at
404B06; Butler,
2009 WL 402329, at *1B2; Gellatly, 2008 WL
2611894, at *1, 6 & n.2; Rowlands, 2007 WL 1395101, at *1 & n.1;
McManus, 2003 WL 22024238, at *2; Cartwright, 865 S.W.2d at 551B52; cf.
Unifund CCR Partners v. Hawthorne, No. 05-08-01574-CV, 2009 WL 4879017, at
*1B2
(Tex. App.CDallas
Dec. 17, 2009, no pet.) (mem. op.) (affirming debtor=s
no-evidence summary judgment when Unifund failed to offer a scintilla of
evidence that it was the assignee of a creditor to whom he incurred a debt); Unifund
CCR Partners v. Perkins, No. 05-08-01576-CV, 2009 WL 4202635, at *1, 4
(Tex. App.CDallas
Nov. 25, 2009, no pet.) (mem. op.) (holding same with regard to Unifund=s
failure to offer a scintilla of evidence that it was either debtor=s
original creditor or original creditor=s
assignee).  We sustain Rolen=s
first issue.

IV. 
Conclusion

Having
sustained Rolen=s first issue, we reverse
the trial court=s judgment and remand this
case to afford LVNV the opportunity to amend its pleadings.  See, e.g., Tex. A & M Univ. Sys. v.
Koseoglu, 233 S.W.3d 835, 839B40
(Tex. 2007).

 

PER CURIAM

 

PANEL:
MCCOY, J.; LIVINGSTON, C.J.; and GARDNER, J.

 

DELIVERED:
April 22, 2010











[1]…
See Tex. R. App. P. 47.4.





[2]…
The affidavit does not serve to clarify matters of standing or anything else,
stating in part, 

 

It was the regular
business of Plaintiff and/or its Predecessor for an employee of Plaintiff
and/or its Predecessor, with knowledge of the act, event, conditions, opinion,
or diagnosis recorded, to make the record of to transmit information thereof to
be included in such record; and the record was made at or near the time of the
event recorded or reasonable [sic] soon thereafter.





[3]…
Nor does LVNV state within the actual body of its petition how its claim or its
predecessor=s claim would entitle
it to file what appears to be a suit on sworn account.  See, e.g., McFarland v. Citibank (S.D.),
N.A., 293 S.W.3d 759, 764 (Tex. App.CWaco 2009, no pet.) (AThus, we join our
sister courts in holding that account stated, and not a suit on a sworn
account, is a proper cause of action for a credit card collection suit because
no title to personal property or services passes from the bank to the credit
card holder.@).  Because of our resolution of this case on
subject matter jurisdiction grounds, we do not reach the propriety of a suit on
sworn account for what appears to be credit card debt.  Cf. Lottie v. Harvest Credit Mgmt. LLC,
No. 02-06-00303-CV, 2008 WL 110251, at *1 (Tex. App.CFort Worth Jan. 10,
2008, no pet.) (mem. op.) (affirming suit on sworn account brought on credit
debt because appellant failed to preserve errors complained of).





[4]…
This also appears to misconstrue the actual request for admission, which
states, AAdmit Defendant(s),
or another with permission of Defendant(s), accepted the credit extended for
the purchase of goods, wares, merchandise, services, or for cash advances.@ [Emphasis added.]