Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-10-00296-CV

**LTD ACQUISITIONS, LLC**,
Appellant

v.

Glenn R. **COOK**,
Appellee

From the County Court at Law No 2, Bexar County, Texas
Trial Court No. 351,513
The Honorable Irene Rios, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice, concurring in the judgment only
                Marialyn Barnard, Justice

Delivered and Filed:   January 5, 2011

REVERSED AND REMANDED

        This is an appeal from a summary judgment in a suit to collect a credit card debt.

Appellant LTD Acquisitions, LLC ("LTD") appeals, claiming the trial court erred in granting

summary judgment in favor of appellee Glenn R. Cook based on his contention that the statute of

limitations had run and the suit to collect the credit card debt was barred.  More specifically,

LTD contends the trial court erred in: (1) granting summary judgment for Cook based on Cook's

affirmative defense of limitations; (2) relying on the date of the last payment as the date the

statute of limitations began; and (3) awarding attorney's fees in the absence of actual or statutory damages.

## BACKGROUND

LTD filed suit against Cook to recover a $39,831.31 debt stemming from his credit card account with Chase Bank USA, NA. LTD acquired the debt from Chase Bank, and filed suit on July 31, 2009. Cook counterclaimed that LTD violated the Federal Fair Debt Collections Practices Act ("the FDCPA") and the Texas Debt Collection Act ("the TDCA") by filing suit to collect the debt after the four-year statute of limitations expired. Cook then filed a motion for summary judgment based on the affirmative defense of limitations. Attached to Cook's motion for summary judgment was evidence establishing the date of the last payment on the credit card account—July 21, 2005. The trial court granted summary judgment for Cook based on the fact that the limitations period began on July 21, 2005, and LTD filed suit after the four-year limitations period expired. The trial court then awarded attorney's fees to Cook in the amount of $1,000.

## DISCUSSION

### *Standard of Review*

Cook filed a traditional motion for summary judgment. We review a traditional motion for summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Because Cook moved for summary judgment based on the affirmative defense of limitations, Cook was required to conclusively establish that the four-year limitations period expired. *See KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). We will affirm the motion for summary judgment if Cook establishes there are no genuine issues of material fact and establishes the affirmative defense of limitations. He is

then entitled to judgment as a matter of law.  *See Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. 1991) (stating that if statute of limitations is established, suit is barred as matter of law).  Once limitations is established, LTD must then raise a fact issue to avoid its effect. *KPMG*, 988 S.W.2d at 748.

### *Statute of Limitations*

In LTD's first and second issues, LTD contends the trial court erred in granting summary judgment in favor of Cook based on the court's determination that the statute of limitations began to run and LTD's cause of action accrued on his credit card debt on the date of his last payment to Chase Bank.  We agree.

LTD argues credit card debt actions can be brought as an action on an "open account," and the applicable statute of limitations is section 16.004(c) of the Texas Civil Practice and Remedies Code ("the Code").  Section 16.004(c) states, "[a] person must bring . . . an action on an open or stated account . . . not later than four years after the day that the cause of action accrues."  TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(c) (West 2002).  Cook counters that the debt action falls under section 16.004(a)(3) of the Code, which states, "[a] person must bring suit on the following action not later than four years after the day the cause of action accrues: . . . debt . . . ."  *Id.* § 16.004(a)(3).  Although not originally pled as an open account, in its motion to reconsider, LTD argued a credit card account may be brought as an action on an open account. We agree.

A credit card account may be brought as an action on an open account because through the regular course of dealings, the transactions between the parties create a creditor-debtor relationship, and as long as the account is still open, the parties expect to conduct further dealings. *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 409 (Tex. App.—El Paso 2009, no

pet.); *see also Amresco Bureau Investors LP v. Kader*, Civ. A. No. H-05-4261, 2007 WL 1520996, at *4 n.4 (S.D. Tex. 2007) (mem.) (finding that credit card debt action is action on "open or stated account" under section 16.004(c)); *Austin Hardwoods, Inc. v. Vanden Berghe*, 917 S.W.2d 320, 326 (Tex. App.—El Paso 1995, writ denied) (explaining credit agreement creates an open account).

As an action on an open account, it must be determined when the cause of action accrued because that marks the beginning of the limitations period. Under the Code, "the cause of action accrues on the day that the dealings in which the parties were interested together cease." TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(c). Cook argues the parties' dealings ceased and limitations began to run on the date of his last payment. To support this position, Cook only provided evidence of the date of his last payment to Chase Bank. We hold evidence of last payment is not conclusive evidence of when the dealings between the parties ceased.

Under Texas law, because the statute of limitations begins on "the day that the dealings in which the parties were interested together cease," TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(c), Cook was required to conclusively establish that the date of the last payment was when the dealings between the parties ceased. We hold Cook did not meet this burden. Cook's evidence is insufficient to conclusively establish, as a matter of law, that the dealings between Cook and LTD ceased on the date of the last payment and that the statute of limitations began running on that date. Therefore, we sustain LTD's first and second issues and hold the trial court erred in granting summary judgment in favor of Cook based on limitations and remand this matter to the trial court for further proceedings.[1]

---

[1] Our disposition should not be construed as a comment on LTD's contention that the cause of action accrues, and the limitations period begins, when the account is closed or charged off.

*Attorney's Fees*

In its third issue, LTD contends the trial court erred in awarding attorney's fees in the absence of statutory or actual damages. However, we need not address this issue because Cook was awarded attorney's fees based on the fact he was the prevailing party under the Federal Debt Collection Practices Act and the Texas Debt Collection Act. *See* 15 U.S.C. § 1692k(a)(3) (2006), *amended on other grounds by* Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, 124 Stat. 1376 (stating that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee" will be awarded); TEX. FIN. CODE ANN. § 392.403(a)-(b) (West 2006) (stating that debtor must be successful in obtaining injunction or actual damages to receive attorney's fees). Due to our disposition of Cook's summary judgment, he is no longer the prevailing party and, at this time, no longer entitled to attorney's fees under the statute.

## CONCLUSION

Based on the foregoing, we hold the trial court erred in granting summary judgment to Cook based on his defense of limitations. We therefore reverse the trial court's summary judgment in favor of Cook and remand this matter for further proceedings.

Marialyn Barnard, Justice