

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00096-CV
_____

DORIS HOUSTON, Appellant

V.

MIDLAND CREDIT MANAGEMENT, INC., Appellee

On Appeal from the County Court at Law No. 7
Collin County, Texas
Trial Court No. 007-03360-2023

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Midland Credit Management, Inc. (Midland) sued Doris Houston to collect her credit card debt of $25,949.66.[1]  Houston answered, filing a general denial.  After mediation proved unsuccessful, the matter proceeded to a bench trial where Houston, who represented herself pro se, rested without presenting testimony contesting the amount of the debt.  As a result, the trial court entered judgment for Midland for $25,949.66, with post-judgment interest.

On appeal, Houston, again appearing pro se, (1) questions whether she was properly served, (2) complains of the trial court's failure to dismiss the case for want of prosecution, (3) argues that the trial court's judgment mistakenly recited that she did not appear for trial, and (4) asserts that "evidentiary prerequisites" were not met.[2]

## I.    We Overrule Houston's First Three Points of Error

This case does not involve a default judgment.  Even so, in her first point of error, Houston questions whether she was properly served.  However, the record reflects that Houston appeared in the lawsuit and filed an answer.  "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon [her]." TEX. R. CIV. P. 121.  As a result, Houston waived her complaint regarding service of process, and we overrule her first point of error.  *See id.*; *Montgomery v. Chase Home Fin., LLC*, No. 05-08-00888-CV, 2009 WL 2784587, at *2 (Tex. App.—Dallas Sept. 2, 2009, no pet.) (mem. op.)

---

[1]Houston's debts were incurred on a Citibank, N.A. credit card, and Citibank assigned its accounts, including Houston's, to Midland.  Houston's credit card statement, showing a balance of $25,949.66, was attached to Midland's petition.

[2]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  We follow the precedent of the Fifth Court of Appeals in deciding the issues presented.  *See* TEX. R. APP. P. 41.3.

(citing *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied) ("filing an answer waives any complaints about service")).

In her second point of error, Houston complains of the trial court's decision to retain the case on its docket. We have jurisdiction over final judgments, permissive appeals, and interlocutory orders made appealable by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Supp.); *Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 14 (Tex. 2022). While a party can obtain mandamus review, even "[a] trial court's erroneous refusal to dismiss a case for want of prosecution cannot effectively be challenged on appeal." *In re Conner*, 458 S.W.3d 532, 535 (Tex. 2015) (per curiam) (orig. proceeding). Accordingly, we dismiss Houston's second point of error.

Third, Houston complains that the trial court's initial judgment mistakenly recited that she was absent during trial. Yet, the trial court corrected this clerical error by a judgment nunc pro tunc, which clarified that Houston "did appear" for trial. Because the judgment nunc pro tunc renders Houston's third point of error meritless, we overrule it.

## II.     Midland Had Standing to Sue

In her last point of error, Houston argues that there was a lack of an evidentiary link between the "debt and [her] account" because Midland "failed to prove ownership of the alleged debt." Houston takes issue with the fact that her name does not appear on any document showing that she owes Midland any money. Houston's last issue raises the question of standing, "a component of subject matter jurisdiction," required before courts may "address the merits of a case." *Willow Tree Consulting Grp., LLC, Tr. of TH Liquidating Tr. v. Perkins Coie LLP*, No.

3

05-23-00264-CV, 2024 WL 575263, at *1 (Tex. App.—Dallas Feb. 13, 2024, pet. denied) (mem. op.) (quoting *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999)).

We find that Midland had "ownership of the . . . debt" by virtue of its assignment from Citibank. "[T]he word 'assign' or 'assignment' means the transfer of property or some right or interest from one person to another." *Simons v. Med. Hyperbarics, Inc.*, No. 05-23-00053-CV, 2024 WL 1130833, at *3 (Tex. App.—Dallas Mar. 15, 2024, no pet.) (mem. op.) (quoting *6200 GP, LLC v. Multi Serv. Corp.*, No. 05-16-01481-CV, 2018 WL 3154594, at *3 (Tex. App.—Dallas June 28, 2018, no pet.) (mem. op.)). "It is a manifestation by the owner of a right of his intention to transfer the right to an assignee." *Id.*

"[A]n assignee 'stands in the shoes' of the assignor, the assignee obtains all the rights, title, and interest that the assignor had at the time of the assignment, including all remedies that were available to the assignor against a debtor for enforcement of the obligation." *Est. of Turner-Hargrave*, No. 05-24-00491-CV, 2025 WL 1798641, at *4 (Tex. App.—Dallas June 30, 2025, no pet.). "Once a cause of action is assigned, 'the assignee becomes the real party in interest with authority to prosecute the suit to judgment.'" *6200 GP, LLC*, 2018 WL 3154594, at *3 (quoting *So. Cnty. Mut. Ins. Co. v. Ocho*, 19 S.W.3d 452, 465 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.)).

Here, the record shows that Midland had standing as the assignee of Houston's Citibank account.[3] At trial, Midland introduced an August 25, 2022, "Bill of Sale and Assignment" of certain Citibank accounts to Midland. The document provided that Citibank "does hereby

---

[3]Midland's petition was supported by the affidavit of its legal specialist, Eric Desoff. Desoff swore that Citibank assigned Houston's account to Midland and that Houston's account had an unpaid balance of $25,949.66.

transfer, sell, assign, convey, grant, bargain, set over and deliver to [Midland], and to [Midland's] successors and assigns, the Accounts summarized on the Asset Schedule attached hereto as Exhibit A." Although "Exhibit A" was not attached, Midland introduced evidence showing that Houston's account was included in the Bill of Sale and Assignment. Midland introduced a document bearing Houston's electronic Citibank account information that was provided to Midland by Citibank in accordance with the Bill of Sale and Assignment. Also in evidence is the affidavit of Lundy Cain, a Citibank employee, who confirmed the Bill of Sale and Assignment, stated that electronic records, like the one containing Houston's account, were kept in the ordinary course of business and were transferred to Midland, and that she was "not aware of any errors in the information provided about the Accounts."

Midland's evidence shows that Houston opened her Citibank account in 1990, made her last purchase in 2021, and had an unpaid balance of $25,949.66. Midland also introduced Houston's credit card statements showing her unpaid balances, along with her credit card agreement. Houston herself introduced a copy of her Citibank statement showing an unpaid balance of $25,949.66. Houston failed to testify and introduced no information challenging either the amount of the debt.

We find that the Bill of Sale and Assignment provided Midland with standing to collect on the debt even though it "did not expressly reference [Houston's] account" since "other evidence exists in the record that suggests [her] account was sold to [Midland]." *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 405 (Tex. App.—El Paso 2009, no pet.); *see id.* (citing *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008)) ("assignee for collection may

5

properly sue on the assigned claim").[4]  As a result, we conclude that Midland had standing to collect on the debt, and we overrule Houston's last point of error.

## III.    Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Chief Justice


Date Submitted:        April 2, 2026
Date Decided:          May 26, 2026

---

[4]To the extent Houston's brief can be fairly read to include a legal sufficiency issue, we find that legally sufficient evidence enabled the trial court to determine that Houston owed $25,949.66 to Citibank and that Citibank assigned the account to Midland.