Opinion issued December 9, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————

NO.
01-10-00579-CV

———————————

Monty J. Wood, Appellant

V.

Pharia
L.L.C.,
Appellee



 



 

On
Appeal from the County Civil Court at Law No. 3 

Harris
County, Texas



Trial Court Case No. 932732

 



 


MEMORANDUM OPINION

 

Appellant, Monty J. Wood, appeals
from the judgment of the trial court awarding $9,504.80 to appellee, Pharia
L.L.C. (“Pharia”), on its suit for breach of contract relating to a credit card
debt.  In ten issues, Wood contends that the
trial court erred by overruling his evidentiary objections; that if his
objections had been sustained, the remaining evidence is legally and factually
insufficient; and that the trial court erred by not filing findings of fact and
conclusions of law and by not granting judgment in favor of Wood on his
counterclaim.  We conclude that the
evidence is legally and factually sufficient and that the trial court’s
evidentiary rulings and rulings on Wood’s counterclaim were proper.  We also conclude that the trial court’s
failure to file findings of fact and conclusions of law was harmless.  We affirm.

Background

Wood opened a credit card account with Chase Manhattan Bank
(“Chase”) in March 2000.  Wood last made
a payment on his account in June 2006.  Wood’s
indebtedness has been transferred three times:

●       Chase
sold appellant’s account to Unifund Portfolio A, LLC;

●       Unifund
Portfolio A, LLC assigned the account to Unifund CCR Partners; and,

●       Unifund
CCR Partners sold the account to Pharia.

Pharia made a demand for payment in
October 2008, asserting that appellant owed $10,585.73 on the account.  Wood did not pay, and Pharia sued him for
breach of contract, seeking $10,585.73, pre- and post-judgment interest, costs,
and attorneys’ fees.  Wood asserted
counterclaims for violations of the Federal Fair Debt Collection Practices Act
(“FDCPA”) and the Texas Debt Collection Act. 

A bench trial was held. 
Pharia offered into evidence a business records exhibit, supported by
the affidavit of Holly Chaffin as custodian of appellee’s records.  The exhibit included:

 ●      the demand letter sent to Wood, 

●       an
affidavit from Kathryn Halpin, an authorized representative of Unifund CCR
Partners, attesting to the assignment history of Wood’s account from its origin
with Chase to its assignment to Pharia and asserting that Wood owed $9,504.80
when Pharia purchased the account,

●       a
Bill of Sale from Unifund CCR Partners to Pharia (the “Pharia Bill of Sale”), 

●       an
Authorization for Assignment of Accounts from Unifund Portfolio A to Unifund
CCR Partners (the “Authorization for Assignment”), 

●       a
Bill of Sale from Chase to Unifund Portfolio A (the “Chase Bill of Sale”), 

●       numerous
account statements sent to Wood, and 

●       a
2004 “Cardmember Agreement” purporting to govern Wood’s credit card account
(the “2004 Agreement”).

Wood objected to Pharia’s business records exhibit, arguing
that the Chaffin and Halpin affidavits were conclusory, constituted hearsay, and
violated the best evidence rule and the parol evidence rule.[1]  Wood also asserted that the 2004 Agreement
constituted a unilateral modification of his original agreement with Chase and
that Pharia had failed to show that the original agreement allowed a unilateral
modification.  Finally, Wood pointed out
that the Chase Bill of Sale did not include an exhibit showing that Wood’s
account was included in the assignment.  

Pharia responded that Wood had agreed to the 2004 Agreement
by his continued use of the card.  Pharia
argued that even if the Chase Bill of Sale was not accompanied by an attachment
listing Wood’s account, the conveyance from Chase to Unifund Portfolio A was
established by the totality of the evidence. 
The trial court admitted Pharia’s exhibit in its entirety and orally ruled
in favor of Pharia on its claim and on Wood’s counterclaims.  

 The trial court entered
judgment awarding $9,504.80 on Pharia’s contract claim.  Wood timely filed a request for findings of fact
and conclusions of law, both parties filed proposed findings of fact and
conclusions of law, and Wood filed a timely notice of past due findings of fact
and conclusions of law.  The trial court did
not make any findings of fact and conclusions of law.

 

Evidentiary Challenges[2]

In his second and fourth issues, Wood challenges the
admission of portions of Pharia’s trial exhibit.  He contends that the Chaffin and Halpin
affidavits were conclusory, hearsay statements and violated the best evidence
and parol evidence rules.  He further
asserts that the 2004 Agreement should not have been admitted because it is a
unilateral modification of the original agreement between himself and Chase.

A.      Standard of Review

Evidentiary
rulings are committed to the trial court’s sound discretion.  Bay Area Healthcare Group, Ltd. v. McShane,
239 S.W.3d 231, 234 (Tex. 2007).  We
review a trial court’s decision to admit or exclude evidence for an abuse of
discretion.  In re J.P.B., 180
S.W.3d 570, 575 (Tex. 2005).  A trial
court abuses its discretion when it acts without reference to any guiding rules
or principles.  Garcia v. Martinez,
988 S.W.2d 219, 222 (Tex. 1999).  We must
uphold the trial court’s evidentiary ruling if there is any legitimate basis
for the ruling.  Owens-Corning
Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); Oyster Creek
Fin. Corp. v. Richwood Invs. II, Inc., 176 S.W.3d 307, 317 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied).

B.      Affidavits

Wood contends that the Chaffin affidavit, by which Pharia
sought to authenticate its exhibit under the business records exception to the
hearsay rule, and the Halpin affidavit, which was included in Pharia’s business
records, are (1) hearsay, (2) conclusory, and (3) insufficient under the best
evidence and parol evidence rules.

                   1.       Hearsay

“Hearsay” is a statement, other than one made by the
declarant while testifying at a trial or hearing, offered in evidence to prove
the truth of the matter asserted.  Tex. R. Evid. 801(d); Simien v. Unifund CCR Partners, 321
S.W.3d 235, 240 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  The proponent of hearsay has the burden of
showing that the testimony fits within an exception to the general prohibition
of hearsay evidence.  Volkswagen of Am., Inc. v. Ramirez, 159
S.W.3d 897, 908 n.5 (Tex. 2004); Simien,
321 S.W.3d at 240.

The record establishes that Pharia offered its trial exhibit
pursuant to the business records exception to the hearsay rule, relying in
large part on recent authority from this Court. 
See Tex. R. Evid. 803(6), 902(10); see generally Simien, 321 S.W.3d at 239–46.  Simien
involved a suit for breach of contract to recover a credit card debt, in which
exhibits substantially similar to Pharia’s were offered, objected to, and
admitted by the trial court.  See generally Simien, 321 S.W.3d. at
238–39.  This Court analyzed the evidence
in Simien and found it to be properly
admitted; additionally, this Court held that the evidence was legally and
factually sufficient to uphold the trial court’s verdict for the
plaintiff.  Id. at 245, 248.

Simien was
presented to the trial court and appeared to govern the court’s evidentiary
ruling.  Wood’s brief to this Court,
however, fails to mention Simien or
the business records exception.  Pharia
relied on Chaffin’s affidavit as a predicate for the trial exhibit’s admission
under that specific exception.  Chaffin’s
affidavit substantially comports with the form provided by Rule 902(10)(b),
which states that an affidavit offered as a predicate for the introduction of
business records under Rule 803(6) “shall be sufficient if it follows this form
though this form shall not be exclusive, and an affidavit which substantially
complies with the provisions of this rule shall suffice . . . .”  Tex. R. Evid. 902(10)(b); see Simien, 321 S.W.3d at 240.  

It is not clear from the trial record for what purpose Pharia
offered Halpin’s affidavit.  However, we
observe that Halpin’s affidavit, like Chaffin’s affidavit, satisfies the
requirements of Rule 902(10).  We also
observe that Halpin’s affidavit was accompanied by her employer’s business
records, just as Chaffin’s was accompanied by Pharia’s business records.  Wood does not assert that the Chaffin and
Halpin affidavits are not in the proper form for a predicate for admission of
business records.  Because the affidavits
comply with rule 902(10), the trial court did not abuse its discretion by
admitting them.

Further, the third-party records contained in Pharia’s trial
exhibit are also admissible, even though they were not created by Pharia.  In Simien,
considering a similar affidavit, this Court applied the three-part test for the
admission of third‑party business records, as follows:  

A document authored or created by a third party may be
admissible as business records of a different business if: (a) the document is
incorporated and kept in the course of the testifying witness’s business; (b)
that business typically relies upon the accuracy of the contents of the
document; and (c) the circumstances otherwise indicate the trustworthiness of
the document.  

Simien, 321 S.W.3d at 240–41
(citing Bell v. State, 176 S.W.3d 90,
92 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).  

Here,
like the affiant in Simien, Chaffin
stated that the third-party records contained in Pharia’s trial exhibit were
“kept by Pharia L.L.C. in the regular course of business,” that the records
were “in the care, custody and control of Pharia L.L.C,” and that she herself
was the custodian of Pharia’s records, had reviewed those records, and had
personal knowledge of the records concerning Wood.  See
Simien, 321 S.W.3d at 241.  Thus,
Chaffin’s affidavit established that Pharia incorporated the third-party
documents, fulfilling the first prong.  See id. at 242. Similarly, Chaffin’s
reliance on the accuracy of the third-party documents to establish the existence
and value of Wood’s debts establishes the second prong.  See id.
at 243.  Finally, like the appellant in Simien, Wood does not attack the
reliability or trustworthiness of any of Pharia’s underlying documents.  See id.
at 245 (“Simien does not attack the reliability of the records, but contends
Unifund’s proof supporting the admission of the records is inadequate.”).  Also like the appellee in Simien, the trustworthiness of the
documents at issue here is supported by the fact that Pharia’s predecessors in
interest must keep careful records of their customer’s debts or else their
businesses would suffer or fail, and inaccurate records could result in civil
or criminal penalties.  See id. at 244 (citing, inter alia, Harris v. State, 846 S.W.2d 960, 963
(Tex. App.—Houston [1st Dist.] 1993, pet. ref’d)).  Thus, the proof here meets the third prong.

Because
Pharia’s trial exhibit satisfies the requirements for the admission of
third-party business records and because the challenged affidavits satisfy the
requirements of Rule 902(10), the trial court did not abuse its discretion in
overruling Wood’s hearsay objections.  See Tex.
R. App. P. 902(10); Simien, 321
S.W.3d at 246.  We overrule this portion
of Wood’s second issue.




 

          2.       Conclusory
Statements

Wood
asserts that the Chaffin and Halpin affidavits are conclusory, and thus
inadmissible.  An affidavit is conclusory
if it states a conclusion “without any explanation” or asks the fact-finder to
“take my word for it.” Arkoma Basin
Exploration Co. v. FMF Assocs. 1990-A Ltd., 249 S.W.3d 380, 389 (Tex.
2008); see also Black’s Law Dictionary 308 (9th ed.
2009) (defining “conclusory” as “[e]xpressing a factual inference without
stating the underlying facts on which the inference is based”).

Chaffin’s
and Halpin’s affidavits offer sufficient explanations for their
conclusions.  The conclusions are based
on the affiants’ personal knowledge as custodians of records for their
employers.  See McFarland v. Citibank (South Dakota), N.A., 293 S.W.3d 759, 762
(Tex. App.—Waco 2009, no pet.).  The affidavits are also not conclusory
because they substantially comply with Rule 902(10), and as such may properly
serve to authenticate business records.  See id. 
The trial court properly overruled Wood’s “conclusory” objection, and we
overrule this portion of Wood’s second and third issues.

          3.       Best Evidence
and Parol Evidence Rules

Wood
contends that the Chaffin and Halpin affidavits violate the best evidence and
parol evidence rules by stating that Pharia purchased Wood’s account.  Although his brief is not clear on this
point, Wood appears to argue that the affidavits impermissibly provide terms of
the assignments in the chain of title of Wood’s account, when only the original
document may provide such terms.  

Under the best evidence rule, “[t]o prove the content of a
writing, recording, or photograph, the original writing, recording, or
photograph is required except as otherwise provided in these rules or by
law.”  Tex.
R. Evid. 1002.  The parol evidence
rule bars consideration of extrinsic evidence that contradicts, varies, or adds
to the terms of an unambiguous written agreement.  Gary E.
Patterson & Assocs. v. Holub, 264 S.W.3d 180, 197 (Tex. App.—Houston
[1st Dist.] 2008, pet. denied).  We
conclude above that the affidavits were offered as predicates for the
introduction of business records; thus, they are not offered to prove the
content of any writing or to contradict, vary, or add to the terms of any
agreement.  The affidavits do not violate
the parol evidence or best evidence rules. 
Having found the trial court did not abuse its discretion in overruling
Wood’s objections to Pharia’s trial evidence, we overrule Wood’s second issue.

C.      The 2004 Agreement

In his fourth issue, Wood asserts that the trial court erred
by admitting the 2004 Agreement as evidence. 
At trial, he contended that the 2004 Agreement was inadmissible because the
2004 Agreement was not the original agreement in effect when Wood opened his
credit card account in 2000.  Wood argued
to the trial court that the 2004 Agreement was objectionable on best evidence
grounds and because Pharia had failed to lay the proper predicate for its
admission.  However, on appeal, Woods
does not argue that the 2004 Agreement was improperly admitted.  Neither his contentions in his brief nor his
citations to authority relate to whether the 2004 Agreement was admissible.  We conclude that Wood has not adequately
briefed any admissibility complaints regarding the 2004 Agreement.  See Tex. R. App. P. 38.1(i).  We overrule his fourth issue.

Sufficiency of the Evidence

In his third, fifth, sixth, seventh, eighth, and ninth
issues, Wood challenges the legal and factual sufficiency of the evidence to
support the trial court’s judgment.  

A.      Standards of Review

“The
final test for legal sufficiency must always be whether the evidence at trial
would enable reasonable and fair-minded people to reach the verdict under
review.”  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).  “[L]egal-sufficiency
review in the proper light must credit favorable evidence if reasonable jurors
could, and disregard contrary evidence unless reasonable jurors could not.”  Id.  “If the evidence . . . would enable
reasonable and fair-minded people to differ in their conclusions, then jurors
must be allowed to do so.”  Id. at
822.  “A reviewing court cannot
substitute its judgment for that of the trier-of-fact, so long as the evidence
falls within this zone of reasonable disagreement.”  Id.  Although the reviewing court must consider
evidence in the light most favorable to the verdict, and indulge every
reasonable inference that would support it, if the evidence allows only one
inference, neither jurors nor the reviewing court may disregard it.  Id.

In
determining factual sufficiency, this Court weighs all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust.  Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); Comm’n of Contracts v. Arriba Ltd., 882
S.W.2d 576, 582 (Tex. App.—Houston [1st Dist.] 1994, no writ).  In an appeal from a bench trial, we may not
invade the fact-finding role of the trial court judge, who alone determines the
credibility of the witnesses, the weight to give their testimony, and whether
to accept or reject all or any part of that testimony.  Nordstrom v. Nordstrom, 965 S.W.2d 575,
580–81 (Tex. App.—Houston [1st Dist.] 1997, pet denied).

B.      Pharia’s Ownership of Wood’s Account

In his third issue, Wood contends that
because the Chaffin and Halpin affidavits should have been excluded, we should
find the remaining evidence insufficient to prove Pharia’s ownership of Wood’s
account.  He asserts that without the
testimony in the affidavits, there is no evidence that Pharia owns Wood’s
account.  Further, he contends that the
evidence is insufficient to prove two links in the chain of ownership because
the Authorization for Assignment is not itself an assignment, but merely an
authorization, and because the Chase Bill of Sale did not specify Wood’s
account as being transferred to Unifund Portfolio A. [3]

1.       Affidavits

We note above that Pharia relied on Chaffin’s affidavit (and
Halpin’s, to the extent her affidavit was necessary) as a predicate for the
admission of business records, and that as such, it was admissible.  See Tex. R. Evid. 803(6), 902(10).  To the extent that Wood’s evidentiary
objections are solely conditioned on the exclusion of the two affidavits, they
are overruled.  See Simien, 321 S.W.3d at 247.

          2.       Authorization
for Assignment

The Authorization for Assignment expressly identifies itself
as an assignment: “THIS ASSIGNMENT is effective as of July 6, 2001, between UNIFUND PORTFOLIO A, LLC . . . and UNIFUND CCR PARTNERS[.]”  The Authorization for an Assignment is
accompanied by a line item listing Wood’s account.  

Courts construe an unambiguous contract as a matter of
law.  Dynegy
Midstream Servs., L.P. v. Apache Corp., 294 S.W.3d 164, 168 (Tex. 2009).  The title of an instrument may be considered
in determining its meaning.  E.H. Perry & Co. v. Langbehn, 113
Tex. 72, 80, 252 S.W. 472, 475 (1923).  However,
the title is not considered in a vacuum; we are obligated to examine the entire
contract and give effect to all provisions. 
J.M. Davidson, Inc. v. Webster,
128 S.W.3d 223, 229 (Tex. 2003).  Our
primary concern is to determine the true intent of the parties.  Id.  We conclude that, taking the contract as a
whole, the title of the instrument, the above-quoted language, and the express
inclusion of Wood’s account all indicate that the intent of the Authorization
for Assignment was to assign Wood’s account from Unifund Portfolio A to Unifund
CCR Partners.  

3.       The
Chase Bill of Sale

Wood contends that because the Chase Bill of Sale did not
include an attachment indicating that Wood’s account was among those
transferred to Unifund Portfolio A, there is no evidence or insufficient
evidence that Pharia owns Wood’s account. 
Pharia points to the evidence contained in its trial exhibit and to
Wood’s failure to introduce any contrary evidence, arguing that there is more
than a scintilla of evidence to support the judgment and that the judgment is
not so contrary to the overwhelming weight of the evidence as to be clearly
wrong or manifestly unjust.  

In Eaves v. Unifund
CCR Partners, the El Paso Court of Appeals considered facts similar to this
case in the context of a standing challenge. 
See Eaves v. Unifund CCR Partners,
301 S.W.3d 402, 404–05 (Tex. App.—El Paso 2009, no pet.).  There, as here, the defendant debtor asserted
that there was no evidence that his credit card account had ever been sold from
the original issuer to Unifund Portfolio A. 
Id. at 404.  Also, as here, the plaintiff creditor
introduced a “Bill of Sale” from the card’s issuer that referred to a list of
assigned accounts, but the list itself was not offered into evidence.  Id.
at 405.  Stating that “we do not condone [Unifund
CCR Partners’] failure to present the agreement listing [the defendant’s]
account,” the El Paso court nevertheless observed that the totality of the
evidence—including the bill of sale to Unifund Portfolio A, but more
significantly including the assignment from Unifund Portfolio A to Unifund CCR
Partners “that expressly assigned the rights to collect on the account,”
affidavit testimony, and a document demanding payment to Unifund CCR Partners—was
sufficient to establish the plaintiff’s standing to collect on the debt.  Id.
at 404–05.

While our standard of review under legal and factual
sufficiency challenges differs from the standard applied in a standing
challenge, we conclude, as did our sister court, that the totality of the
evidence supports the trial court’s judgment. 
Here, as in Eaves, Pharia
introduced assignments subsequent to the Chase Bill of Sale that specifically
reference Wood’s account.  Similarly, the
demand letter asserts that Wood must pay Pharia.  This evidence supports the inference that Pharia
owns Wood’s account, and all the evidence taken together does not render the
trial court’s judgment clearly wrong or manifestly unjust.  See City
of Keller, 168 S.W.3d at 822; Nordstrom,
965 S.W.2d at 580–81;
Cain, 709 S.W.2d at 176.  The evidence is therefore legally and
factually sufficient to prove the assignment from Chase to Unifund Portfolio A.  Because we have determined that the evidence
is also sufficient to prove a transfer between Unifund Portfolio A and Unifund
CCR Partners, and because Wood has not challenged the sufficiency of the
evidence to prove a transfer from Unifund CCR Partners to Pharia, we conclude
that the evidence is sufficient to prove Pharia’s ownership of Wood’s account.

C.      Terms of the Agreement Between the Parties

In his fifth, sixth, and seventh issues, Wood asserts that
the 2004 Agreement is insufficient to support a judgment against him for breach
of contract.  He contends that because
Pharia’s trial exhibit contains the 2004 Agreement but not the original
agreement in effect when Wood opened his credit card account, there is no or
insufficient evidence of the terms of the original contract.  Thus, he argues that the 2004 Agreement must
be a modification of the original contract and that there is no or insufficient
evidence that the original contract permitted unilateral modifications.  In the alternative, he argues in his sixth
and seventh issues that there is no evidence of interest rates and late fees to
be charged because the 2004 Agreement does not include a referenced “Rates and
Fees” table, and that the absence of these terms renders the 2004 Agreement
non-binding.  

                    1.       Modification

Pharia contends that the 2004 Agreement is not a
modification of the original contract, but is itself the contract sued
upon.  As Pharia pointed out to the trial
court, the first section of the 2004 Agreement states:

You will be bound by this agreement if you or anyone
authorized by you use your account for any purpose, even if you don’t sign your
card.  Whether you use your account or
not, you will be bound by this agreement unless you cancel your account within
30 days after receiving your card and you have not used your account for any
purpose.

Pharia, therefore, argues that
Wood’s continued use of his credit card after the 2004 Agreement constituted
acceptance of the agreement’s terms. 
Pharia further argues that we may affirm even in the absence of an
express list of rates and fees.

          Continuing
use of a credit card and making payments on the account for purchases and
charges reflected on monthly statements manifests the cardholder’s intent that
the terms of a credit card agreement become effective.  Winchek
v. Am. Exp. Travel Related Servs. Co., 232 S.W.3d 197, 204 (Tex.
App.—Houston [1st Dist.] 2007, no pet.). 
This Court has held that this is so even in the absence of evidence that
the credit card agreement was actually delivered to the cardholder.  Id.  Pharia’s trial exhibit establishes Wood’s
continued use of his credit card following the 2004 Agreement, which expressly
stated that Wood would be bound upon further use of his account.  See id.  Thus, the 2004 Agreement was not a unilateral
modification of the original credit card agreement.  

In addition, the trial court specifically asked Pharia’s
trial counsel about the 2004 Agreement and the original agreement in place when
Wood opened his credit card account, and Pharia’s counsel explained that Pharia
offered the 2004 Agreement as a contract in its own right, not as a
modification.  Wood has failed to address
or acknowledge the only reasoning presented to the trial court in support of
its ruling on his objection to the absence of the original agreement.  We conclude that a reasonable person could
determine that the 2004 Agreement was the operative contract between the
parties and that such a finding is not clearly wrong or manifestly unjust.  We overrule Wood’s fifth issue.

          2.       Interest
Rates and Fees

In his sixth and seventh issues, Wood contends that because
the 2004 Agreement does not specify interest rates or fees, it fails as a
contract for want of material terms.  In Winchek, a similar argument failed.  There the plaintiff argued that the interest
rates and finance charges were “fatally indefinite.”  Winchek,
232 S.W.3d at 204.  In Winchek, this Court considered various
data reflected in the credit card statements on the defendant’s account and
found the evidence sufficient to conclude that “the Agreement was sufficiently
definite to enable a court to determine the rights and responsibilities of each
party and that [the debtor’s] conduct in using the card and making payments on
the account for the purchases and charges reflected on her monthly billing
statements shows that she understood her obligations to Amex and that a
contract was formed.”  Id.  Here, similarly, Pharia has offered numerous
and detailed credit card statements to accompany the 2004 Agreement.  These statements reflect the various finance
charges and interest rates imposed and show that Wood continued to use the card
and make occasional payments.  These
facts support the inference that Wood agreed to the various interest rates and
finance charges, and Wood has introduced no evidence to the contrary. We
conclude that the evidence is legally and factually sufficient to support the
trial court’s judgment based on the 2004 Agreement.  We overrule his sixth and seventh issues.[4]

D.      Damages

In his eighth issue, Wood contends that there was no
evidence or insufficient evidence supporting Pharia’s calculation of damages
because there was no evidence of interest rates or finance charges.[5]  In Simien,
this Court held that affidavit testimony as to the total amount owed was
legally and factually sufficient to support the trial court’s award.  Simien,
321 S.W.3d at 248.  Here, exhibits
attached to the Halpin affidavit and to the Pharia Bill of Sale indicated that
Wood owed $9,504.80 on his account at the time Pharia purchased the account.  Wood presented no evidence that controverted
this amount.  The trial court awarded $9,504.80.  We conclude that the trial court’s damage
award is supported by legally and factually sufficient evidence and overrule
Wood’s eighth issue.  See id. 
Furthermore, since Wood’s ninth issue merely restates Wood’s second
through eighth issues, all of which we have overruled, we accordingly overrule
Wood’s ninth issue.

Fair Debt Collection Practices Act

In his tenth issue, presupposing a favorable ruling on his
first nine issues, Wood contends that because Pharia failed to prove the chain
of title from Chase to Pharia, and because Pharia failed to prove a contract as
to interest rates, that Pharia is in violation of the United States Fair Debt
Collection Practices Act.  Because we
have held that the evidence was legally and factually sufficient as to chain of
title and interest rates, we overrule Wood’s tenth issue.  See
Simien, 321 S.W.3d at 247 (overruling conditional appellate issues).

Findings of Fact and Conclusions of Law

In his first issue, Wood asserts that the trial court erred
by not filing findings of fact and conclusions of law.  Wood timely requested findings of fact and
conclusions of law and properly filed a notice of past due findings of fact and
conclusions of law.  See Tex. R. Civ. P.
296, 297.  The trial court, therefore,
had a duty to file findings of fact and conclusions of law.  Elliott
v. Kraft Foods N. Am., Inc., 118 S.W.3d 50, 54 (Tex. App.—Houston [14th
Dist.] 2003, no pet.).  

Generally, the remedy for a trial court’s failure to file
properly-requested findings of fact and conclusions of law is an abatement of
the appeal with an order that the trial court correct its omission.  See
Elliott, 118 S.W.3d at 55–56; see
also Sheik v. Sheik, 248 S.W.3d 381, 386 (Tex. App.—Houston [1st Dist.]
2007, no pet.).  We need not abate,
however, if the lack of findings and conclusions is harmless.  Elliott,
118 S.W.3d at 54. 

Wood’s primary challenges are legal in nature, and his
sufficiency-of-the-evidence challenges are all conditioned on his legal
issues.  See Rollins v. Am. Exp.
Travel Related Servs. Co., 219 S.W.3d 1, 6–7 (Tex. App.—Houston [1st Dist.]
2006, no pet.) (where relevant facts are undisputed and appeal asserts legal
issues, lack of findings and conclusions not harmful).  Wood presented no evidence contradicting
Pharia’s evidence, so there are no factual issues in dispute.  See id.  Finally, our sister courts have held that
where, as here, there is only a single ground of recovery or a single defense
in the case, an appellant is not harmed by a failure to file findings and
conclusions because he is not required to guess the reasons for a trial court’s
judgment.  Bluebonnet Fin. Assets v. Miller, No. 08-07-00282-CV, 2009 WL
1177095, at *2 (Tex. App.—El Paso May 1, 2009, no pet.) (citing Larry F. Smith, Inc. v. Weber Co., Inc.,
110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied)).  Because Wood was not harmed by the trial
court’s failure to file findings of fact and conclusions of law, we overrule
Wood’s first issue.

 

Conclusion

Having overruled Wood’s ten issues, we affirm the judgment
of the trial court. 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Justices
Jennings, Alcala, and Sharp.

 











[1]        Wood asserts that he objected in writing
as well as orally.  The record indicates
that Wood provided the judge with written objections, but those objections were
not made part of the record on appeal. 
Wood attached a purported copy of his written objections as an appendix
to his brief.  We may not consider
documents that are not formally included in the record on appeal.  Sowell
v. Kroger Co., 263 S.W.3d 36, 38 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  We, therefore, may not consider Wood’s
written objections in our review.





[2]        Generally, when a party presents multiple
issues on appeal, an appellate court should first address those issues that
would afford the appellant the greatest relief. 
See Bradleys’ Elec., Inc. v. Cigna
Lloyds Ins. Co., 995 S.W.2d 675, 677 (Tex. 1999).  Here, however, because Wood’s no-evidence
issues presume favorable holdings on his challenges to the admission of
evidence, we address the evidentiary issues first.  See
Simien v. Unifund CCR Partners, 321
S.W.3d 235, 239, 246–47 (Tex. App.—Houston
[1st Dist.] 2010, no pet.) (addressing objections to admission of evidence
before considering conditional no-evidence issues). 

 





[3]        Pharia argues that Wood has admitted all
assignments of his account by failing to answer with a sworn denial in
accordance with Rule 93(8) of the Texas Rules of Civil Procedure.  See
Tex. R. App. P. 93(8).  Rule 93(8) refers to the denial of the
“genuineness” of an assignment—referring to issues such as execution, authority
of the assignor, and the genuineness of signatures.  Vahlsing
v. Collier Cobb & Assocs., 560 S.W.2d 117, 118 (Tex. App.—Dallas 1977,
no writ).  Here, Wood asserts that the
evidence is insufficient to prove the existence
of an assignment; such a challenge does not require a sworn denial.  See id.





[4]        The cases Wood relies on here are not to
the contrary.  Williams v. Unifund CCR Partners and Tully v. Citibank came before the courts of appeals following a
summary judgment, requiring a different standard of review than this appeal,
which follows a trial on the merits.  See Williams v. Unifund CCR Partners,
assignee of Citibank, 264 S.W.3d 231, 232 (Tex. App.—Houston [1st Dist.]
2008, no pet.); Tully v. Citibank (S.D.),
N.A., 173 S.W.3d 212, 215 (Tex. App.—Texarkana 2005, no pet.).

 





[5]
       Pharia argues that because Wood did
not raise this issue at trial, he cannot now assert it on appeal.  Following a bench trial, as here, sufficiency
challenges may be raised for the first time on appeal.  Tex.
R. App. P. 33.1(d); see also SAVA gumarska in kemijska industria d.d. v.
Advanced Polymer Scis., Inc., 128 S.W.3d 304, 317 (Tex. App.—Dallas 2004,
no pet.).