**Robert D. SHIPLEY, Appellant,**

v.

**UNIFUND CCR PARTNERS, Appellee.**

No. 10–09–00314–CV.

Court of Appeals of Texas, Waco.

Oct. 13, 2010.

Rehearing Overruled Dec. 21, 2010.

Richard C. Jenkins, Dallas, for Appellant.

Abel Reyna, Jr., McCleskey Harriger & Brazill & Graf LLP, Lubbock, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## OPINION ON REHEARING

TOM GRAY, Chief Justice.

Robert Shipley appeals from the entry of a judgment against him for a debt on a credit card account. Shipley complains that the trial court erred by not dismissing the suit against him because Unifund CCR Partners lacked standing to bring the suit because the court lacked subject matter jurisdiction in that Unifund CCR Partners did not own the debt and therefore did not have standing to bring the action. Shipley also complains that the evidence was legally insufficient for the trial court to have granted a judgment against him and in favor of Unifund CCR Partners because there was no evidence that Shipley's debt had been assigned to Unifund CCR Partners.

On original submission, this Court affirmed the judgment. *See Shipley v. Unifund CCR Partners*, No. 10–09–00314–CV, 2010 Tex.App. LEXIS 4544 (Tex.App.-Waco June 16, 2010). Upon Shipley's timely motion for rehearing, we requested a response from Unifund CCR Partners, although Unifund has not done so. As authorized by Rule of Appellate Procedure 49.3, we issue this modified opinion after requesting the response. Tex.R.App. P. 49.3. On reconsideration of the issues presented, we will reverse the judgment, dismiss this cause for lack of jurisdiction, and withdraw our prior opinion and judgment. *Id.*

### Standing

Shipley contends that Unifund CCR Partners did not own any interest in the account in question, and therefore, they lacked standing to bring the suit against him. Citibank South Dakota, N.A. sold the account to Unifund Portfolio A., LLC. Unifund Portfolio A, LLC then assigned its rights to collect the account to Unifund CCR Partners, but retained the title and ownership of the account. In his brief to this Court, Shipley does not complain about the sale of the account from Citibank to Unifund Portfolio A, but of the assignment from Unifund Portfolio A to Unifund CCR Partners.

Standing, a necessary component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993). Whether a party has standing to pursue a claim is a question of law that we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

Standing refers to a party's justiciable interest in a controversy. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661–62 (Tex.1996); *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex.App.-Dallas 2008, no pet.). Only the party whose primary legal right has been breached may seek redress for an injury. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex.App.-Dallas 2005, no pet.). Without a breach of a legal right belonging to that party, that party has no standing to litigate. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669–70 (Tex.App.-Fort Worth 2001, pet. denied). In reviewing standing on appeal, we construe the petition in favor of the plaintiff, and if necessary, review the entire record to determine if any evidence supports standing. *See Tex. Air Control*, 852 S.W.2d at 446.

An "assignment" is simply a transfer of some right or interest. *See Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 211 (Tex. App.-El Paso 2010, no pet. h.) (*citing University of Texas Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 452 (Tex.App.-Houston [14th Dist.] 1989, no writ)). When an assignee holds a contractually valid assignment, that assignee steps into the shoes of the assignor and is considered

under the law to have suffered the same injury as the assignors and have the same ability to pursue the claims. *Southwestern Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909 (Tex.2010) (*citing Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 572 (Tex.2001)).

*Pleadings and Evidence in the Record*

■■■ "It has long been the rule that a plaintiff's good faith allegations are used to determine the trial court's jurisdiction." *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 404 (Tex.App.-El Paso 2009, no pet.) (*citing Brannon v. Pac. Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (Tex.1949)). A court may presume the truth of allegations made in a party's pleadings when determining standing. *Id.* (*citing Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Brown v. Todd*, 53 S.W.3d 297, 305 n. 3 (Tex.2001) ("Because standing is a component of subject matter jurisdiction, we consider [it] as we would a plea to the jurisdiction, construing the pleadings in favor of the plaintiff."")). "A court is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *State Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). However, the petition's sole reference to Unifund CCR Partners's ownership or standing to litigate is the statement that "Plaintiff is authorized to file this petition." We do not find that this constitutes any evidence of standing.

■■ The case was solely decided based on business records filed by Unifund CCR Partners. The evidence presented in the business records affidavit is likewise unclear as to what interest beyond the right of collection that Unifund CCR Partners owns. Additionally, the trial court sustained Shipley's hearsay objections to the affidavit and struck the content of the

affidavit outside of the questions required to authenticate the business record as such. In fact, the assignment from Unifund Portfolio A, LLC to Unifund CCR Partners indicates that Unifund CCR Partners owns nothing. The pertinent language of the assignment states:

Assignor, for value received and in connection with the Agreement, transfers and assigns to Assignee all of Assignor's rights in the Receivables, *for collection purposes only*, including conducting litigation in Assignee's name, for those Receivables which Assignor owns or may acquire from time to time. *Assignor shall retain title and ownership of such Receivables.* The assignment is without recourse to Assignor and without warranty of any kind (including, without limitation, warranties pertaining to title, validity, collectibility (sic), accuracy or sufficiency of information, and applicability of any statute of limitations), except as stated in the Agreement or herein. (emphasis added)

■■ Because standing denotes a party's justiciable interest in a controversy, it is only the party whose primary legal right has been breached that may seek redress for that injury. *Eaves*, 301 S.W.3d at 404. Without a breach of a legal right belonging to that party, that party has no standing to litigate. *Id.* (*citing Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669–70 (Tex.App.-Fort Worth 2001, pet. denied)). Unifund CCR Partners's right is solely limited to taking whatever steps are necessary to collect a debt owned entirely by someone else, while holding no title, interest, or rights in anything else. We do not find that this is sufficient to establish that Unifund CCR Partners has standing to pursue this claim in its own name.

Cases that have found standing to exist all indicate that a finding of ownership of some type was made. Even the cases

cited to by Unifund CCR Partners demonstrate that some ownership interest was transferred by the assignor to the assignee. *See Sprint Communications Co., L.P. v. APCC Services, Inc.,* 554 U.S. 269, 128 S.Ct. 2531, 2541–43, 171 L.Ed.2d 424 (2008) (assignee with legal title to debt of a legal claim for money owed has standing to pursue the claim even if proceeds are to be entirely remitted to assignor); *see also Eaves,* 301 S.W.3d at 403–04 (pleadings and live testimony sufficiently demonstrated that Unifund owned the account in question to establish standing); *Cartwright v. MBank Corpus Christi, N.A.,* 865 S.W.2d 546, 549–50 (Tex.App.-Corpus Christi 1993, writ denied) (note transferred to MBank making MBank the holder of the note); *Schultz v. Aetna Business Credit, Inc.,* 540 S.W.2d 530, 531 (Tex.Civ.App.-San Antonio 1976, no writ) (assignor transferred "all of its rights, title and interests" in the relevant instrument, any accompanying promissory note or notes, and all rights and remedies under said instrument or notes); *Kelley v. Bluff Creek Oil Co.,* 298 S.W.2d 263, 267 (Tex.Civ.App.-Fort Worth 1956) (assignment transferred all "right, title and interest" in a claim, "with full power and authority to collect and receipt therefore"), *aff'd in part, and rev'd in part on other grounds,* 158 Tex. 180, 309 S.W.2d 208 (1958).

We find that without evidence of any ownership interest or title in the account that Unifund CCR Partners does not have standing to bring this suit and that the trial court did not have subject matter jurisdiction over the action. We sustain issue one.

### Conclusion

We conclude that Unifund CCR Partners did not have standing to file suit against Shipley. Therefore, because the trial court lacked subject matter jurisdiction, we reverse the judgment of the trial court and render judgment dismissing the case.