ACCEPTED
03-13-00311-CV
6008851
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/9/2015 11:43:53 PM
JEFFREY D. KYLE
CLERK

NO. 03-13-00311-CV

| | | |
|---|---|---|
| LUCY GUTIERREZ | § | COURT OF APPEALS |
| | § | FILED IN |
| | § | 3rd COURT OF APPEALS |
| | § | AUSTIN, TEXAS |
| vs. | § | 7/9/2015 11:43:53 PM |
| | § | JEFFREY D. KYLE |
| | § | Clerk |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES | § | THIRD DISTRICT OF TEXAS |

APPELLANT'S MOTION FOR REHEARING EN BANC

TO THE HONORABLE JUSTICES OF SAID COURT:

Appellant, LUCY GUTIERREZ, submits this her Motion for

Rehearing En Banc, and in support thereof shows:

*General*

1. This Motion addresses the issues as stated in the Court's February 26,

2015, opinion, plus an additional issue of fundamental error. In an attempt

to maintain brevity, APPELLANT'S BRIEF and APPELLANT'S REPLY

BRIEF are incorporated herein as if restated in full.

*Service of Citation*

2. The appellate panel ruled that the "ambiguous time standard" (capable

of interpretation as two different times) which the process server stated in

his Affidavit of Service as the time he received the Citation was in strict

compliance with the Texas Rules of Civil Procedure. The panel, in it's

opinion, does not discuss, nor even mention, that the reason appellant raised

1

this issue was because the process server did not use this same "ambiguous time standard" in his statement as to the time that the citation was served. It is this conflict in the use by the process server of two different forms to stating the time that created the "ambiguous time standard." The Court's opinion states that this "ambiguous time standard" does not affect strict compliance with service of process. This conclusion by this Court is contrary to the rulings of other courts of appeal and the Texas Supreme Court, which state that the return must specifically state both the date and time that the process server received the citation.

3.      TEX. R. CIV. P. 16 states: "Every officer or authorized person shall endorse on all process and precepts coming to his hand the day and *hour* on which he received them...." (emphasis added.) In *Insurance Co. of Pennsylvania v. Lejeune*, 297 S.W. 3d 254, 255-56 (Tex. 2009), default judgment was reversed when the clerk's endorsement on citation did not show the hour of receipt. In this case, the time "18:21 pm" could be military time for 6:21 p.m. or the "1" could be a typographical error and the time could be 8:21 p.m. The latter is a possibility because the process server used standard time for the time of service. Therefore, there are two possible times that the Citation could have been received by the process server.

4.      This Court ruled in the opinion that the time "18:21 pm" was in fact "6:21 pm." But how the Court can conclude this without speculating, inferring, or even considering extrinsic matter not "on the face of the record" was not explained in the opinion. The fact is still, nonetheless, a time of receipt stated in the citation that is capable of more than one meaning. The Court's opinion effectively accepts substantial compliance as strict compliance. "…[F]or well over a century, the Texas Supreme Court has required that strict compliance with the rules of service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *In re Z.J.W.,* 185 S.W. 3d 905, 907-08 (Tex. App. – Tyler 2006, no pet.).

5.      The Court should rule that the Citation did not properly state the hour of receipt and was therefore not in strict compliance with the rules of service of citation.

*Judicial Admission*

6.      While the case cited by the Court in it's opinion does provide the general definition of a judicial admission, it does so within a context that is very different from that in this case. The filing that appellant asserts was a judicial admission was: (1) done in the case below (in the trial court) while the case was on appeal; (2) the pleading to amend the affidavit of service

3

specifically stated that it's purpose was to "clarify" that "18:21 pm" is "6:21 pm;" (3) the pleading in question was filed *after* appellant filed her brief pointing out the ambiguous time; and (4) appellee (though incorrectly) believed that the trial court retained plenary power to grant this motion to amend. This particular type of motion, within the context of an appeal, is a deliberate, clear and unequivocal admission that appellee believed the time was ambiguous. In this manner, appellee could "eliminate" appellant's point of error concerning the affidavit of service.

7. "A judicial admission 'occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary.'" *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W. 3d 887, 905 (Tex. 2000) (quoting *Chilton Ins. Co. v. Pate & Pate Enters., Inc.,* 930 S.W. 2d 877, 844 (Tex. App. – San Antonio 1996, writ denied)).

8. The Court should rule that appellee judicial admitted that the time of receipt of the Citation was ambiguous and therefore service is invalid.

*Sufficiency of the Pleadings*

9. This Court ruled that the Original Petition in this cause stated a cause of action for breach of contract. The opinion states the elements for such a cause of action but wholly fails to take into consideration the most important

4

of the four elements. Namely, the first which in the language of the panel is that "plaintiff must show that a contract existed between the parties." The opinion states as follows: "Portfolio's petition alleges that Gutierrez entered into an agreement with Portfolio's predecessor in interest whereby Gutierrez accepted an extension of credit and became bound to repay the debt. The petition further alleges that Gutierrez breached her duty to make the required payments and that Gutierrez owes Portfolio a balance of $4,448.61. These allegations are sufficient to allow Gutierrez to "ascertain the nature and the basic issues" of Portfolio's breach-of-contract claim."

10. Implicit in the Court's statement is that a contract between Portfolio and Gutierrez never existed. This statement is actually explicit in Plaintiff's Original Petition. Petitioner states: "Defendant received an extension of credit from *Plaintiff's predecessor in interest*. Plaintiff is now the owner of that indebtedness, as support by the *attached documentation*. Defendant accepted the credit and became bound to repay Plaintiff, with interest." The predecessor in interest is never identified, and there was no attached documentation. The only other information regarding the alleged contract is an account number and which is never identified as to whose account it was ("predecessor in interest"), and an allegation that after acceleration, the amount due on the account was $4,448.61. The description contains no material terms of the contract. "In a contract to loan money, the material

5

terms will generally be: the amount to be loaned, maturity date of the loan, the interest rate, and the repayment terms. *T. O. Stanley Boot Co., Inc., v. Bank of El Paso*, 847 S.W. 2d 218, 221 (Tex. 1992).

11.     "A court cannot enforce a contract unless it can determine what it is." Bendalin v. Delgado, 406 S.W. 2d 897, 899 (Tex. 1966). In this cause, there was no description of any of the terms of the contract, whether they be material or not. Plaintiff's Original Petition fails to state a cause of action and fails to give fair notice of what the claim is.

12.     This Court's ruling essentially declares the following: A default judgment based on a suit for debt filed by a person that was not a party to the alleged contract who claims to own the alleged contract where the other party is *identified* merely as "predecessor in interest," with absolutely no proof of plaintiff's ownership interest other than the conclusory words "predecessor in interest," and with absolutely no information regarding the alleged contract, namely, the amount of the debt that was incurred, the purpose of the debt, the maturity date, the terms of payment, the interest rate, etc., states a cause of action for breach of contract, and furthermore, gives fair notice to defendant of the claim involved.

13.     This court should find that Plaintiff's Original Petition failed to state a cause of action and failed to give fair notice of the claim to the defendant.

*Issue 4: Fundamental Error – Appellee, as a matter of law, has no standing in this cause and therefore, there is no subject-matter jurisidiction*

14.     Pursuant to the rule stated in *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W. 2d 440, 445 (Tex. 1993) that subject matter

6

jurisdiction, namely, standing, may be raised for the first time on appeal by the parties or by the court and may not be waived, appellant alleges that appellee has no standing in this cause, and therefore, there is no subject matter jurisdiction in this cause. This new issue is one of fundamental error which involves the violation of several constitutional doctrines: the separation of powers, and the limitation of judicial power to "cases" and "controversies."

15. "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Id*. at 445. In this case, the only evidence provided in the Plaintiff's Original Petition were the statements: "Plaintiff's predecessor in interest," and "Plaintiff is now the owner of that indebtedness, as supported by the attached documentation." There was no attached documentation and the predecessor in interest was never identified.

16. In *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W. 2d 979 (Tex. 1947), the Texas Supreme Court held that " fundamental error" is an "error which directly and adversely affects the interest of the public generally, as that interest declared in the statutes or Constitution of this State…." *Id*. at 983.

17. This decision was further analysis by the Texas Supreme Court in a per curiam opinion with regards to subject matter jurisdiction. "When the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter, the error will also be regarded as fundamental. An appellate court should not be required to

7

approve a county court judgment…simply because the appellant does not raise the question of jurisdiction." *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W. 2d 265, 266 (Tex. 1957) (per curium).

18.     In *Shipley v. Unifund CCR Partners*, 331 S.W. 3d 27 (Ct. App. – Waco 2010, no pet.), a suit for debt, the plaintiff's original petition's sole reference to ownership or standing to litigate was the statement: "Plaintiff is authorized to file this petition." The court ruled that this did not constitute "any evidence of standing." *Id.*, at 29. "The plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W. 3d 871, 878 (Tex. App. – Austin 2010, no pet.).

19.     Appellee had no standing to bring this suit, and, therefore, the trial court did not have subject matter jurisdiction over this cause. The judgment should be reversed, vacated and set aside and this cause should be dismissed.

*Prayer for Relief*

WHEREFORE, PREMISES CONSIDERED, appellant requests that this Court in banc withdraw the opinion issued on February 26, 2015, and issue a new opinion finding that the trial court erred in granting judgment because (1) the citation was not in strict compliance with the Texas Rules of Civil Procedure as construed by the Texas Supreme Court, and therefore cannot sustain a default judgment; (2) the petition failed to state a cause of action; and/or (3) the petition failed to give fair notice of the claim involved

8

in that it did not state the predecessor in interest, the amount of credit extended, the purpose of the credit extension, the terms of the contract for repayment of the credit extension, nor the manner in which the alleged contract was breached. Appellant further requests upon finding any of the above errors that this Honorable Court reverse, vacate and set aside the trial court's judgment and remand this cause for a new trial.

In addition, appellant requests that this Court find that appellant's additional issue presented in this Motion, namely, that the trial court erred in granting judgment because of fundamental error, namely, that appellee had no standing in this cause and therefore the trial court had no subject matter jurisdiction, is properly before this Court, and appellant further requests that this Honorable Court reverse, vacate and set aside the trial court's judgment and dismiss this suit.

Dated this 9th day of July, 2015.

Respectfully submitted,

RONALD S. GUTIERREZ, LAWYER
Las Colinas Station
P. O. Box 143243
Irving Texas 75014-3243
Office: (512) 222-3488
Facsimile: (512) 233-2786
Email: rsg.lawyer@gmail.com

By:  /s/ *Ronald S. Gutierrez*
     Ronald S. Gutierrez
     State Bar No. 08644410

ATTORNEY FOR APPELLANT

9

**Certificate of Compliance**

I hereby certify that the foregoing instrument is 2,019 words in length, including and excluding those matters provided in TEX. R. APP. P. 9.4(i)(2)(D) and 9.4(i)(3).

/s/ *Ronald S. Gutierrez*
Ronald S. Gutierrez

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing instrument was delivered via eServe, and/or via email at aregent@regentlawlcom, and/or via facsimile at (713) 490-7075, to Mr. Anh H. Regent, REGENT & ASSOCIATES, 2650 Fountain View, Suite 233, Houston, Texas 77057, Attorney for Plaintiff on July 9, 2015.

/s/ *Ronald S. Gutierrez*
Ronald S. Gutierrez