# Court of Appeals
## Tenth Appellate District of Texas

10-24-00275-CV

Joshua Holman,
Appellant

v.

SoFi Lending Corp. as Attorney in Fact for Wilmington Trust,
National Association, Trustee of SoFi Professional Loan Program
Grantor Trust 2018-A,
Appellee

On appeal from the
County Court at Law No. 3 of McLennan County, Texas
Judge J. Patrick Atkins, presiding
Trial Court Cause No. 20220589CV3

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant Joshua Holman brings this appeal challenging the jury's verdict in favor of SoFi Lending Corporation as Attorney in Fact for Wilmington Trust, National Association, Trustee of SoFi Professional Loan Program Grantor Trust 2018-A. In one issue, Holman contends that there is legally insufficient evidence to support the jury's verdict that his account was

assigned to SoFi Professional Loan Program Grantor Trust 2018-A (SoFi Trust). We will reverse and render.

## A. Background

In December 2017, Holman obtained a loan from SoFi Lending Corporation (SoFi Lending) to refinance his student loans. Holman subsequently defaulted and the loan was charged off. After charge off, SoFi Trust sued Holman as assignee through its trustee and attorney-in-fact Wilmington Trust, National Association (Wilmington). SoFi Trust alleged in its petition that Holman's loan had been assigned to SoFi Trust by SoFi Lending prior to default. In Holman's answer, he contested that his loan had been assigned to Wilmington as trustee to SoFi Trust and alleged that no assignment agreement existed. During the jury trial, SoFi Trust called a third-party manager who oversaw collections and recovery at SoFi Lending. The witness testified to the general practice regarding the assignment of SoFi Lending's accounts to Wilmington. The jury ultimately returned a verdict in favor of SoFi Trust, and the court entered judgment accordingly. Holman brings this appeal and in one issue contends that there is insufficient evidence to support the jury's verdict because SoFi Trust through its trustee Wilmington failed to introduce any proof that Holman's loan from SoFi Lending was assigned to the trustee of the SoFi Trust.

.

## B. Standard of Review

"[A]ppellate courts must view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). Evidence of a vital fact's existence is legally insufficient if (a) no evidence in the record supports it, (b) rules of law or of evidence bar the court from giving weight to the only evidence offered to prove it; (c) there is no more than a scintilla of supporting evidence, or (d) the evidence conclusively establishes the converse. *See id.* at 810.

> The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. Whether a reviewing court begins by considering all the evidence or only the evidence supporting the verdict, legal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.

*Id.* at 827.

## C. Authority

An "assignment" is simply a transfer of some right or interest. *Shipley v. Unifund CCR Partners*, 331 S.W.3d 27, 28 (Tex. App.—Waco 2010, no pet.). When an assignee holds a contractually valid assignment, that assignee steps

into the shoes of the assignor and is considered under the law to have suffered the same loss as the assignors and have the same ability to pursue the claims. *Id*. at 28–29.

"To recover on an assigned cause of action, the party claiming the assigned rights must prove a cause of action existed that was capable of assignment and the cause was in fact assigned to the party seeking recovery." *Tex. Farmers Ins. Co. v. Gerdes By & Through Griffin Chiropractic Clinic*, 880 S.W.2d 215, 217 (Tex. App.—Fort Worth 1994, writ denied). The right to receive payment on a debt is a right that is freely assignable. *In re FH Partners, L.L.C.*, 335 S.W.3d 752, 764 (Tex. App.—Austin 2011, no pet.). Oral testimony proving the fact of an assignment, as contrasted with its contents, is admissible even if the assignment is written, if it is shown that the witness has personal knowledge that the claim had been assigned. *Adkins Services, Inc. v. Tisdale Co., Inc.*, 56 S.W.3d 842, 845–46 (Tex. App.—Texarkana 2001, no pet.) (citing *Villiers v. Republic Fin. Servs., Inc.*, 602 S.W.2d 566, 569 (Tex. Civ. App.—Texarkana 1980, writ ref'd n.r.e.)).

## D. Discussion

SoFi Trust through its trustee contends that the testimony of Alicia George, a third-party manager for SoFi Lending, "demonstrated that Holman's account was assigned to Wilmington Trust National Association." SoFi Trust

directs us to a portion of George's testimony in support of its contention. Specifically, the following:

> Q. Okay. And so your employer is SoFi Bank. In this matter this case is held in trust by a [sic] Wilmington Trust National Association. Can you tell me what that is?
>
> A. Yes. So that is a trust. So what happens is after somebody applies for a loan with SoFi, SoFi funds that loan. So we own the loan when it's funded. And then SoFi is built off of investors. So we're an online financial-type company. And so investors then buy the loans that we fund off of us on the back end of things. So it's – it's not necessarily on the front. So what happens is we fund the loan. We have an investor that comes in who invests in that loan within SoFi and buys it from us. We still maintain the loan. *We still service the loan on behalf of Wilmington, but they are the ones that the loan was assigned to after we funded it.* (emphasis added)

SoFi Trust argues that the emphasized portion of George's testimony provides proof of an assignment of Holman's loan from SoFi Lending to Wilmington. In context, the testimony describes general practices of SoFi Lending and how loans are processed and funded, not specifically to Holman's loan or a potential assignment of Holman's loan to another entity.

Sofi Trust alleges that Holman acknowledged assignment of his loan when counsel for Holman moved for a directed verdict as follows:

> **Counsel for Holman:** I'm – I'm moving for a directed or instructed verdict. It's defined as -- the rule says both words. In this instance, because the Plaintiff has pled that it was assigned the account from Sofi Lending Corp. prior to default and SoFi Lending Corp. remains the servicer SoFi Lending Corp. and the attorney-in-fact, I think that much has been proven. But there's

not been any evidence to show -- put on by the Plaintiff to prove an assignment between SoFi Lending Corp. and Wilmington Trust.

And we have -- Mr. Holman has put that squarely an issue with his second supplemental answer under Rule -- Texas Rules of Civil Procedure 93.8 by denying, based on information and belief, that there was, in fact, a valid assignment.

It is not entirely clear based on Holman's counsel's statement, what he believed had been proven. Counsel's directed-verdict remarks acknowledge SoFi Trust's pleading but expressly argue lack of evidence of assignment, which cannot constitute a judicial admission of the contested fact. It is clear, that counsel believed there was no evidence to show an assignment between SoFi Lending and Wilmington. Because a trustee as the legal representative of a trust is vested with legal title to trust property and the beneficiaries are vested with equitable title to the trust property, the evidence must show that an assignment was made to the trustee. *See Estate of Moncrief*, 699 S.W.3d 315, 343 (Tex. App.—Fort Worth 2024, pet. denied); *Bradley v. Shaffer*, 535 S.W.3d 242, 248 (Tex. App.—Eastland 2017, no pet.). Accordingly, we conclude that the evidence is legally insufficient to support the jury's finding that Holman's account was assigned to SoFi Trust.

## E. Conclusion

We reverse the judgment of the trial court and render a take-nothing judgment in favor of Holman. *See* TEX. R. APP. P. 43.3.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: May 28, 2026

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Reversed and Rendered
CV06

